STATE OF NORTH CAROLINA v. ST. LUKE GREGORY, JR.

No. 851SC760

(Filed 31 December 1985)

1. **Criminal Law § 73.5; Rape § 19— physician's testimony—statements made for medical diagnosis or treatment—exception to hearsay rule**

   A physician's testimony, including statements identifying defendant as the perpetrator of the sexual offenses charged, fell within the statutory exception to the hearsay rule created for statements made for purposes of medical diagnosis or treatment, since the 3½ year old victim was incompetent to

testify herself, but her statements to the physician made for the purpose of diagnosis and treatment were inherently trustworthy and were supported by corroborating physiological evidence discovered by the physician during his examination. N.C.G.S. 8C-1, Rule 803(4).

2. **Criminal Law § 73.5; Rape § 19— victim of sexual abuse—statements to grandmother for purpose of medical diagnosis—admissibility of grandmother's statements**

The trial court did not err in allowing the grandmother of a sexually abused 3½ year old victim to testify concerning statements made by the victim, since the evidence was admissible as statements for the purposes of medical diagnosis and treatment under G.S. 8C-1, Rule 803(4); moreover, even if the court erred in allowing the victim's grandmother to testify to a statement made by the victim three months prior to the incident in question, such error was not prejudicial in light of the other similar evidence properly admitted against defendant.

3. **Rape and Allied Offenses § 19— taking indecent liberties with child—gonorrhea—test results admissible**

In a prosecution of defendant for sexual offenses committed against his 3½ year old daughter, any error in admitting two year old gonorrhea test results which indicated that defendant and the victim had gonorrhea at the same time was not prejudicial.

4. **Incest § 1— insufficiency of evidence**

The trial court erred in failing to grant defendant's motion to dismiss an incest charge against him where there was no evidence of carnal intercourse.

5. **Rape and Allied Offenses §§ 5, 19— attempted rape—taking indecent liberties with child—sufficiency of evidence**

Evidence was sufficient to support a conviction of defendant for taking indecent liberties and attempted first degree rape where it consisted of statements related by defendant's 3½ year old daughter to a doctor and her grandmother about defendant's treatment of her, and of evidence that the doctor's examination fully supported the child's story.

APPEAL by defendant from *Small, Judge.* Judgments entered 25 April 1985 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 20 November 1985.

Defendant was charged in a proper bill of indictment with rape, sex offense, incest, taking indecent liberties with a child, and commission of a lewd and lascivious act. Defendant was found guilty of attempted first degree rape, incest and taking indecent liberties with his 3½ year old daughter. From judgments sentencing defendant to two consecutive 10 year prison terms, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Cathy J. Rosenthal, for the State.*

*John W. Halstead, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

At trial the State introduced the following evidence:

1. The victim's grandmother testified that on the morning of 7 September 1984, she discovered a thick, yellowish-white liquid on the victim's panties. After the grandmother discovered the liquid, and left a telephone message for Mrs. Gregory, the victim's mother, the victim said "[m]y daddy put it in my butt." The victim pointed to her crotch as she made her statement. The grandmother also testified that she found the same liquid on the victim's panties two years prior to 7 September 1984, and that the victim said "Grandmama, my daddy pooted in my butt" on one prior occasion.

2. Dr. Phillip David Greene testified that he examined the victim on 7 September 1984. The victim told him that her daddy, Mr. Gregory, unzipped his pants, had her spread her legs, told her he wanted to get close to her and then hurt her between her legs. Dr. Greene also testified that he examined the victim's vaginal area and found an infection. He also found inflammation "caused by some degree of irritation or manipulation beyond what you would normally expect to see in a child from routine or normal causes, and that would include simply the infection itself." Dr. Greene stated that "the examination fully supported the story as it was related to me by the child."

3. The State also introduced Gonorrhea culture results from September 1982 indicating that the victim and the defendant, Mr. Gregory, had Gonorrhea but Mrs. Gregory did not.

[1] Defendant asserts that the hearsay evidence rule and the right of criminal defendants to confront the witnesses against them, guaranteed by the Sixth Amendment to the United States Constitution and Article I of the North Carolina Constitution, prohibit Dr. Greene from testifying to what the victim said during the medical examination. We cannot agree.

Unless hearsay testimony is made admissible by statute, it is inadmissible. G.S. 8C-1, Rule 802. Dr. Greene's testimony, including statements identifying Mr. Gregory as the perpetrator of the sexual offenses, falls within the statutory exception to the hearsay rule created for statements made for purposes of medical diagnosis or treatment. G.S. 8C-1, Rule 803(4); *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). Dr. Greene not only needed to know who the perpetrator was in order to plan for the psychological treatment of the victim, but also to comply with the North Carolina child abuse reporting and treatment statutes. G.S. 7A-543; G.S. 7A-549.

A prosecutor is prohibited by the Sixth Amendment to the United States Constitution and Article I Section 23 of the North Carolina Constitution from introducing any hearsay evidence in a criminal trial unless two requirements are met. The prosecution must show both the necessity for using the hearsay testimony and the inherent trustworthiness of the original declaration. *State v. Smith*, 312 N.C. 361, 323 S.E. 2d 316 (1984); *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed. 2d 597 (1980).

This two part confrontation clause test is not all form and no substance. Merely classifying a statement as a hearsay exception does not automatically satisfy the requirements of Article I Section 23 or the Sixth Amendment. *State v. Porter*, 303 N.C. 680, 697, 281 S.E. 2d 377, 388 (1981). The commentary to G.S. 8C-1, Rule 803 emphasizes this fact by noting that "[t]he exceptions are phrased in terms of nonapplication of the hearsay rule, rather than in positive terms of admissibility, in order to repel any implication that other possible grounds for exclusion are eliminated from consideration." Thus, the confrontation clause test must be applied on a case by case basis.

In the present case, the trial court held the required competency hearing and found that the victim failed to meet the competency requirements set forth in G.S. 8C-1, Rule 601(b). *See State v. Fearing*, 315 N.C. 167, 337 S.E. 2d 551 (1985). The unavailability of the victim due to incompetency and the evidentiary importance of the victim's statements adequately demonstrate the necessity prong of the two prong confrontation clause test.

The second prong of the confrontation clause test is also met. A person, even a young child, making statements to a physician for the purpose of medical diagnosis and treatment has a strong motivation to be truthful. *See State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). This inherent indicia of trustworthiness is further supported by corroborating physiological evidence discovered by Dr. Greene during his examination. It is also clear from voir dire that the victim, although incompetent to testify, could identify her father and distinguish him from other adult males. We therefore find no error in the trial court's ruling admitting Dr. Greene's testimony.

[2] Defendant next asserts that the hearsay evidence rule and the constitutional right of criminal defendants to confront the witnesses against them also prohibit the victim's grandmother from testifying to the victim's inculpating statements. We disagree.

In *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985), our Supreme Court held that a statement made by a four year old girl to her grandmother describing a sex offense, identifying the perpetrator and complaining of pain was admissible as a statement for the purposes of medical diagnosis and treatment under G.S. 8C-1, Rule 803(4). As a direct result of the statements made in *Smith*, the victim was taken to a hospital. In the present case, the 3½ year old victim was discovered with panties full of pus. The victim complained that "my daddy put it in my butt." As a direct result of these events, the victim was taken to a hospital. We find no significant distinction between the circumstances surrounding the hearsay statement in *Smith* and the hearsay statement in question. We therefore hold that the trial court did not err in ruling that the victim's statements to her grandmother fit into an exception to the hearsay rule. The fact that the trial court based its ruling on G.S. 8C-1, Rule 803(2) rather than G.S. 8C-1, Rule 803(4) is irrelevant. See *State v. Dawson*, 278 N.C. 351, 180 S.E. 2d 140 (1971).

The trial court also allowed the victim's grandmother to testify to a statement made by the victim three months prior to the incident in question. The trial court ruled that the victim's statement "my daddy pooted in my butt" was an excited utterance admissible under G.S. 8C-1, Rule 803(2). We need not decide whether

this statement was an excited utterance or a statement for the purpose of medical diagnosis or treatment because, in the light of all the circumstances of this case, the admission of the statement is at worst non-prejudicial error. Unless the error infringes upon defendant's constitutional rights, the defendant has the burden of showing that there was a reasonable possibility that the jury would have reached a different result if the trial judge had not committed the error. G.S. 15A-1443(a). In light of the other similar evidence properly admitted against defendant, we cannot find that defendant has met his burden. *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984).

[3] Defendant also asserts that the trial court erred in admitting two year old Gonorrhea test results indicating that he and the victim had Gonorrhea at the same time. He bases his objection on the relevance of the test results. Rule 404(b) of the North Carolina evidence statute addresses this issue:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity· therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

G.S. 8C-1, Rule 404(b).

In *State v. Williams*, 308 N.C. 357, 302 S.E. 2d 438 (1983), our Supreme Court held that evidence showing that the defendant was peeping in windows near the scene of a crime three days after the crime was committed was relevant and admissible evidence of identity in a burglary case. In light of *Williams* and Rule 404(b), the test results may be relevant. However, assuming arguendo that the results are not relevant, we hold that introduction of this evidence is also non-prejudicial error.

Defendant also challenges the sufficiency of the evidence by assigning error to the trial court's ruling denying defendant's motions to dismiss all charges. We address the trial court's ruling seriatim.

[4] First, there is insufficient admissible evidence from which any reasonable jury could conclude, beyond a reasonable doubt, that defendant committed incest. Incest requires carnal inter-

course. G.S. 14-178. There is no evidence of carnal intercourse in the record before us. In fact, the physical evidence discovered by Dr. Greene while examining the victim is to the contrary. Therefore the trial court erred in failing to grant defendant's motion to dismiss the incest charge.

[5]   Second, there is sufficient evidence in the record to support a conviction for taking indecent liberties. The properly admitted testimony of Dr. Greene is in itself sufficient to support a conviction for taking indecent liberties. *State v. Vehaun*, 34 N.C. App. 700, 239 S.E. 2d 705 (1977), *disc. rev. denied*, 294 N.C. 445, 241 S.E. 2d 846 (1978).

Third, there is sufficient admissible evidence from which a reasonable jury could conclude, beyond a reasonable doubt, that defendant committed attempted first degree rape. In order to prove attempted first degree rape under the circumstances of this case, the State must show that the victim was twelve years old or less, that the defendant was at least twelve years old and at least four years older than the victim, that the defendant had the intent to engage in vaginal intercourse with the victim, and that the defendant committed an act that goes beyond mere preparation but falls short of actual commission of intercourse. G.S. 14-27.6; *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982). All the elements except for intent are shown by direct evidence introduced at trial. We hold that the State's evidence raises sufficient circumstantial inferences to support the necessary finding of intent to commit rape. *State v. Robinson*, 310 N.C. 530, 313 S.E. 2d 571 (1984).

In short, the judgment on the incest charge is reversed. We find no prejudicial error in the taking indecent liberties with a child or attempted first degree rape convictions. Because the trial judge aggregated the incest and the taking indecent liberties charges at sentencing, the taking indecent liberties charge is remanded for resentencing.

Reversed in part, no prejudicial error in part and remanded for resentencing.

Judges WHICHARD and JOHNSON concur.