STATE OF NORTH CAROLINA v. ANDY RAY WAGONER, DEFENDANT

No. COA97-1495

(Filed 3 November 1998)

## 1. Constitutional Law— right to confrontation—hearsay— child victim of sexual assault

The state and federal constitutional rights to confrontation of a defendant charged with taking indecent liberties with a child and first-degree sexual offense were not violated where the trial court admitted out-of-court statements made by the child under the catch-all hearsay exception after finding that she was incompetent to testify. No evidence suggests that she was incapable of telling the truth or of distinguishing reality from imagination at the time of the assault; therefore, her incompetence to testify at trial does not disqualify her out-of-court statements, which were sufficiently trustworthy to be admissible under the catch-all hearsay exception.

## 2. Evidence— hearsay—particularized guarantee of trustworthiness—corroborating evidence

There was no error in a prosecution for taking indecent liberties with a child and first-degree sexual offense in admitting statements of the child to others after she was found incompetent to testify where defendant argued that the court inappropriately considered corroborating physical evidence in evaluating trustworthiness. Although corroborating evidence should not be used to support a hearsay statement's particularized guarantee of trustworthiness, the trial court noted many factors inherent in the circumstances of the statements themselves which show sufficient trustworthiness to merit admission.

**3. Evidence— sexual offenses—expert testimony—defendant not a high risk sexual offender—excluded**

The trial court did not err in a prosecution for taking indecent liberties with a child and first-degree sexual offense by excluding expert testimony that defendant has no mental illness, no substance abuse problems, and is not a high risk sexual offender. N.C.G.S. § 8C-1, Rule 404(a) prohibits character evidence offered to prove conduct in conformity therewith, with an exception for a pertinent character trait. While evidence of a sexual pathology would have been relevant to motive, the lack of mental problems does not qualify as a pertinent character trait. Even expert testimony on the lack of sexual attraction to children would have been inadmissible because any relevancy would be substantially outweighed by the prejudicial effect.

Appeal by defendant from judgments entered 28 April 1997 by Judge Melzer A. Morgan, Jr., in Wilkes County Superior Court. Heard in the Court of Appeals 23 September 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Mark Payne, for the State.*

*Brewer and Brewer, by Joe O. Brewer, for defendant-appellant.*

MARTIN, John C., Judge.

Defendant was charged in a bill of indictment with one count of statutory sexual offense, in violation of G.S. § 14-27.4 (1993), and one count of indecent liberties with a child, in violation of G.S. § 14-202.1 (1993). He entered pleas of not guilty.

The evidence at trial tended to show that defendant's niece, who was then two years and eight months old, reported to her mother an incident which occurred on or about 14 July 1995, in which defendant had touched her vaginal area with his finger. Two subsequent medical examinations of the child indicated some trauma of a sexual nature. The child described the sexual offense with the aid of drawings and anatomically correct dolls, and she identified defendant as her assailant in statements made to her mother, an examining nurse practitioner, a social worker, a detective, and two licensed physicians. By the time of trial in April 1997, the child—then four years old—was found incompetent to testify because she could not then remember the events of two years earlier, could not express herself in court, and

did not understand the obligation of the oath or the duty to tell the truth.

Defendant was found guilty of both charges. The trial court entered judgment upon the verdicts imposing lengthy consecutive active sentences. Defendant appeals.

The record on appeal contains two assignments of error. We have considered defendant's arguments with respect to each of them, and conclude that defendant received a fair trial, free from prejudicial error.

I.

[1] First, defendant contends the trial court violated his constitutional right to confront the witnesses against him, when it admitted into evidence out-of-court statements made by the child-victim after finding that she was incompetent to testify. Specifically, defendant challenges the child-victim's out of court statements to a social worker and a detective in which she identified defendant as the perpetrator. These statements were admitted under G.S. § 8C-1, Rule 804(b)(5) (1992), the "catch all" exception to the hearsay rule. Defendant argues these statements lack the requisite guarantees of trustworthiness to justify their admission. We disagree.

The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Erroneously admitted hearsay statements violate the defendant's right to confront witnesses, unless the State shows the necessity for using the hearsay declaration and the inherent trustworthiness of the declaration. *Idaho v. Wright*, 497 U.S. 805, 813-14 (1990). Such an error would also violate the Confrontation Clause of the North Carolina Constitution Article I, Section 23. *State v. Waddell*, 130 N.C. App. 488, 504 S.E.2d 84 (1998); *In the Matter of Lucas*, 94 N.C. App. 442, 380 S.E.2d 563 (1989); *State v. Gregory*, 78 N.C. App. 565, 338 S.E.2d 110 (1985), *disc. review denied*, 316 N.C. 382, 342 S.E.2d 901 (1986). Because a constitutional right is implicated, the defendant need only show error in admitting the hearsay statements. Once a constitutional error is shown, the State must show beyond a reasonable doubt that the error was harmless. N.C. Gen. Stat. § 15A-1443(b) (1997); *State v. Tyler*, 346 N.C. 187, 485 S.E.2d 599 *cert. denied*, 139

L.Ed.2d 411 (1997). We find no error and need not reach the question of prejudice.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. N.C. Gen. Stat. § 8C-1, Rule 801(c) (1992). "Hearsay testimony is not admissible except as provided by statute or by the North Carolina Rules of Evidence." *State v. Wilson*, 322 N.C. 117, 131-32, 367 S.E.2d 589, 598 (1988). When the declarant is unavailable and no other specific exception covers the hearsay statement, the "catch-all" Rule 804(b)(5) allows the admission of the statement when there are "equivalent circumstantial guarantees of trustworthiness." N.C. Gen. Stat. § 8C-1, Rule 804(b)(5) (1992); *see State v. Tyler*, 346 N.C. 187, 485 S.E.2d 599 (1997); *State v. Chapman*, 342 N.C. 330, 464 S.E.2d 661 (1995), *cert. denied*, 518 U.S. 1023, 135 L.Ed.2d 1077 (1996); *State v. Daughtry*, 340 N.C. 488, 513-14, 459 S.E.2d 747, 759-60 (1995), *cert. denied*, 516 U.S. 1079, 133 L.Ed.2d 739 (1996).

To apply the catch-all exception to the hearsay rule, certain requirements must be met. After determining the unavailability of the declarant, the trial court must then consider:

(1) Whether the proponent of the hearsay provided proper notice to the adverse party of his intent to offer it and of its particulars;

(2) That the statement is not covered by any of the exceptions listed in Rule 804(b)(1)-(4);

(3) *That the statement possesses "equivalent circumstantial guarantees of trustworthiness";*

(4) That the proffered statement is offered as evidence of a material fact;

(5) Whether the hearsay is "more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable means"; and

(6) Whether "the general purposes of [the] rules [of evidence] and the interests of justice will best be served by admission of the statement into evidence."

*State v. Swindler*, 339 N.C. 469, 473-74, 450 S.E.2d 907, 910 (1994) (emphasis added) (quoting *State v. Ali*, 329 N.C. 394, 408, 407 S.E.2d

183, 191-92 (1991)); *State v. Triplett*, 316 N.C. 1, 340 S.E.2d 736 (1986).

In this case the parties agree that the victim is unavailable. Proper notice has been given to defendant regarding the intended use of the hearsay testimony. The evidence is material, concerning statements by the victim regarding acts forming the basis of the conviction. While similar statements were made to other witnesses, the statements to the social worker and detective were among the most complete and detailed accounts of the abuse; thus they are not merely additive. The question of trustworthiness remains, and must also be considered as a part of the constitutional right to confront a witness.

While no showing of necessity or trustworthiness is required for the other "firmly rooted hearsay exceptions," *State v. Jackson*, 349 N.C. 287, 503 S.E.2d 101 (1998), a showing of necessity and trustworthiness is required for statements admitted under the catch-all exception to the hearsay rule to avoid violating the constitutional right to confront. *State v. Waddell, supra.*

> The Confrontation Clauses in the Sixth Amendment to the United States Constitution and Article I, Section 23 of the North Carolina Constitution prohibit the State from introducing hearsay evidence in a criminal trial unless the State: 1) demonstrates the necessity for using such testimony, and 2) establishes "the inherent trustworthiness of the original declaration"

*Id.* at 404, 504 S.E.2d at 88, (quoting *State v. Gregory*, 78 N.C. App. at 568, 338 S.E.2d at 112). The necessity of the statements in this case is not at issue. "In the circumstance where the State's case depends in the main upon the child sex abuse victim's statements and the child is incompetent to testify, '[t]he unavailability of the victim due to incompetency and the evidentiary importance of the victim's statements adequately demonstrate the necessity prong' of this test." *Id.*, (quoting *Gregory* at 568, 338 S.E.2d at 112-13).

The remaining issue is whether the circumstances of the statements show sufficient guarantees of trustworthiness, allowing admission under the catch-all exception of Rule 804(b)(5). When evaluating the circumstantial guarantees of trustworthiness, the Court considers the following factors:

(1) assurances of the declarant's personal knowledge of the underlying events, (2) the declarant's motivation to speak the truth or otherwise, (3) whether the declarant has ever recanted the statement, and (4) the practical availability of the declarant at trial for meaningful cross-examination.

*State v. Triplett,* 316 N.C. 1, 10-11, 340 S.E.2d 736, 742 (1986).

In this case, the trial court found factors, independent of corroborating physical evidence, "which supply sufficient guarantees of trustworthiness so as not to violate the Confrontation Clause of the United States Constitution." According to the trial court, "[t]hese factors include the consistent repetition of [the victim's] account of what happened, her spontaneity, her mental state on July 19, and September 1, 1995, her use of terminology unexpected of a child of similar age, and her lack of motive to fabricate." The court also noted that the victim "never specifically recanted her statement" to the social worker or the detective. In addition, "the use of anatomically correct dolls and drawings" bolster the trustworthiness of the victim's statements.

We agree with the trial court that the circumstances of each challenged hearsay statement show sufficient guarantees of trustworthiness for admission under Rule 804(b)(5). The child spoke with "personal knowledge of the underlying events," and had no motive to lie. While the victim did state at one point "Uncle Andy never did any thing," the evidence tends to show that someone had instructed her to say this, and that she promptly demonstrated how the defendant abused her by sticking her finger in the female doll's vagina. The victim never specifically recanted these statements. The first three factors suggest that the statements were made in circumstances of sufficient trustworthiness to justify their admission under the catch-all exception of Rule 804(b)(5).

The fourth requirement, concerning the practical availability of the declarant, has been rephrased to clarify its meaning: The court should consider "the reason, within the meaning of Rule 804(a), for the declarant's unavailability." *State v. Garner,* 330 N.C. 273, 285 n. 1, 410 S.E.2d 861, 867 n. 1 (1991) (quoting *State v. Nichols,* 321 N.C. 616, 624, 365 S.E.2d 561, 566 (1988)). Generally, when a witness is incompetent to testify at trial, prior statements made with personal knowledge are not automatically rejected as lacking the requisite guarantees of trustworthiness. *State v. Waddell, supra; State v. Rogers,* 109 N.C. App. 491, 498, 428 S.E.2d 220, 224, *disc. review denied,* 334 N.C.

625, 435 S.E.2d 348 (1993) (holding that just because a witness is incompetent to testify does not deem their "out-of-court statements *per se*, or even presumptively, unreliable"). A child may be incompetent to testify, but incompetence is not "inconsistent as a matter of law with a finding that the child may nevertheless be qualified as a declarant out-of-court to relate truthfully personal information and belief." *Id.* However, when the declarant's unavailability is due to an inability to tell truth from falsehood or reality from imagination, then previous statements necessarily lack the requisite guarantees of trustworthiness to justify admission under the catch-all exception. *State v. Stutts*, 105 N.C. App. 557, 563, 414 S.E.2d 61, 64 (1992) ("It is illogical that one be held unavailable to testify due to an inability to discern truth from falsehood or to understand the difference between reality and imagination and yet have their out-of-court statements ruled admissible because they possess guarantees of trustworthiness.")

When finding the victim incompetent to testify, the trial court in this case found no indication in 1995 and early 1996 that the victim was "unable to intelligently and truthfully relate personal information." The trial judge also specifically noted that the victim "is not unavailable to testify because of an inability to tell truth from fantasy." Thus at the time of the events, the trial court found the victim was able to truthfully relate personal information, and was able to discern truth from fantasy. Two years later and at the time of trial, the court concluded that the victim could not: "understand the obligation of the oath," understand "the duty to tell the truth," "articulate and express herself in court," and remember the "subject matter from July, 1995."

The trial court's conclusion that the victim was incompetent to testify does not invalidate prior statements made truthfully with personal knowledge. *See State v. Holden*, 106 N.C. App. 244, 251-52, 416 S.E.2d 415, 420, *disc. review denied*, 332 N.C. 669, 424 S.E.2d 413 (1992) (statements made by two-and-one-half year old victim were sufficiently trustworthy to be admitted under residual hearsay exception, despite trial judge's statement during in camera hearing that child "did not understand the consequences of not telling the truth"). No evidence suggests the victim in this case was incapable of telling the truth or distinguishing reality from imagination at the time of the assault; therefore, her incompetence to testify at trial does not disqualify her out-of-court statements under *Stutts;* and we hold the statements were sufficiently trustworthy to be admissible under the catch-all hearsay exception of Rule 804(b)(5).

**[2]** Defendant also argues the trial court inappropriately considered corroborating physical evidence in evaluating the trustworthiness of the statement in the circumstances. It is true that corroborating evidence should not be used to support a hearsay statement's particularized guarantee of trustworthiness. *Idaho v. Wright*, 497 U.S. at 823; *Swindler*, 339 N.C. 469, 450 S.E.2d 907. However, the trial court noted many factors inherent in the circumstances of the statements themselves which show sufficient trustworthiness to merit admission under Rule 804(b)(5); thus there was no error in admitting these statements.

## II.

**[3]** Defendant next assigns as error the trial court's exclusion of evidence concerning "his psychological make-up to commit the crimes charged." Defendant offered expert testimony by a forensic psychologist to show (1) that defendant has no mental illness, (2) that he has no substance abuse problems, and (3) that he is not a high-risk sexual offender. The trial court sustained the State's objection to this expert testimony as irrelevant. We agree.

G.S. § 8C-1, Rule 401 defines relevant evidence as any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *State v. Whiteside*, 325 N.C. 389, 397, 383 S.E.2d 911, 915 (1989).

Rule 404 prohibits the admission of character evidence offered for the purpose of proving conduct in conformity therewith. N.C. Gen. Stat. § 8C-1, Rule 404(a) (1992). An exception exists for "[e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same." N.C. Gen. Stat. § 8C-1, Rule 404(a)(1). "Pertinent" means " 'relevant in the context of the crime charged.' " *State v. Bogle*, 324 N.C. 190, 198, 376 S.E.2d 745, 749 (1989) (quoting *State v. Squire*, 321 N.C. 541, 548, 364 S.E.2d 354, 358 (1988)). "In criminal cases, in order to be admissible as a 'pertinent' trait of character, the trait must *bear a special relationship to* or *be involved in* the crime charged." *Id.* at 201, 376 S.E.2d at 751 (emphasis original). "For example, if one were charged with a crime of violence, character for peaceableness would be pertinent; and if charged with embezzlement, honesty would be pertinent." *State v. Sexton*, 336 N.C. 321, 359-60, 444 S.E.2d 879, 901, *cert. denied*, 513 U.S. 1006, 130 L.Ed.2d 429 (1994).

STATE v. WAGONER

[131 N.C. App. 285 (1998)]

The exception allowing evidence of a "pertinent" trait should be "restrictively construed," since such evidence is excluded as a general rule. *Id.* Thus, "[p]ursuant to this rule, an accused may only introduce character evidence of 'pertinent' traits of his character and not evidence of overall 'good character.' " *State v. Mustafa*, 113 N.C. App. 240, 245-46, 437 S.E.2d 906, 909, *cert. denied*, 336 N.C. 613, 447 S.E.2d 409 (1994) (quoting *State v. Squire*, 321 N.C. 541, 364 S.E.2d 354 (1988)).

In the present case, evidence of defendant's general "psychological make-up" is not "pertinent" to the commission of a sexual assault. At *voir dire*, defendant was unable to forecast to the trial court that his forensic psychologist would provide "any evidence that this person is any different than any other normal person." While evidence of a sexual pathology would have been relevant to show motive, evidence of the lack of several mental problems does not qualify as a "pertinent" character trait. *Mustafa* at 245-46, 437 S.E.2d at 909 (finding evidence of defendant's honorable discharge from military service was not specifically relevant to defendant's guilt or innocence in rape case and, thus, was inadmissible).

Even if the defendant had offered pertinent expert testimony, based on acceptable scientific methods, specifically concerning the lack of sexual attraction to children, it would not have been admissible. Any relevancy of such evidence would be substantially outweighed by prejudicial effect. *See State v. Spencer*, 119 N.C. App. 662, 459 S.E.2d 812, *disc. review denied*, 341 N.C. 655, 462 S.E.2d 524 (1995); *United States v. Powers*, 59 F.3d 1460, 1472 (4th Cir. 1995) (holding that absent "supporting evidence showing that those who are not fixated pedophiles are less likely to commit incest abuse", evidence of a "non-proclivity for pedophilia" was irrelevant).

No error.

Judges TIMMONS-GOODSON and HORTON concur.