STATE OF NORTH CAROLINA v. WARREN DAVID ISENBERG, SR.

No. COA00-1381

(Filed 28 December 2001)

**1. Witnesses— expert—qualifications**

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties with a minor case by finding a licensed professional counselor witness was an expert in the area of counseling behavior of sexually abused children under N.C.G.S. § 8C-1, Rule 702, because: (1) the witness did not testify as to whether, in his expert opinion, the minor victim had been sexually abused, but instead testified that the victim's behavior was consistent with a child who had been sexually abused; and (2) the witness was in a better position than the jury, based on his training and experience, to determine what behavior was consistent or inconsistent with children who had been sexually abused.

**2. Evidence— hearsay—residual exception—unavailable witness**

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties with a minor case by allow-

ing a licensed professional counselor expert witness's testimony to be introduced as substantive evidence based on the residual exception to the hearsay rule under N.C.G.S. § 8C-1, Rule 804(b)(5), because: (1) the trial court found that the victim was unavailable; (2) the trial court found that the State presented sufficient guarantees of trustworthiness since the minor victim was personally present and had personal knowledge of the incidents at issue, the expert did not indicate that the victim had any motivation to make a false statement, the victim was not angry with defendant, neither the expert nor the victim's parents prompted the statement of the minor, and the victim did not recant her statements during the counseling sessions with the expert; and (3) the trial court attempted on two different occasions to speak with the minor victim to have her answer questions, and the victim did not respond in any meaningful manner.

**3. Evidence— hearsay—medical diagnosis exception**

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties with a minor case by permitting hearsay statements made by the minor victim to a pediatric nurse and to a doctor to be introduced as substantive evidence based on the medical diagnosis exception under N.C.G.S. § 8C-1, Rule 803(4), because: (1) the interviews of the victim met the trustworthiness requirement; and (2) the minor victim's statements stating how and by whom she was inappropriately touched were reasonably pertinent to diagnosis since the identification of defendant as the perpetrator was pertinent to continued treatment of the possible psychological and emotional problems resulting from the sexual offense.

**4. Evidence— expert testimony—credibility of victim**

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties with a minor case by permitting a licensed professional counselor and a doctor to testify as to the credibility of the minor victim, because: (1) defendant made general objections to the statements during the trial, but at no time requested a limiting instruction; (2) an instruction limiting admissibility of testimony to corroboration is not required unless counsel specifically requests such instruction; and (3) the witnesses did not testify that the minor victim suffered from a post-traumatic stress disorder, but instead testified as to the general characteristics of children who suffer from sexual abuse.

STATE v. ISENBERG

[148 N.C. App. 29 (2001)]

**5. Sexual Offenses— first-degree—sufficiency of evidence**

The trial court did not err by failing to dismiss the charge of first-degree sexual offense because there was sufficient evidence of genital penetration.

**6. Sexual Offenses— indecent liberties with a minor—sufficiency of evidence**

The trial court did not err by failing to dismiss the charges of taking indecent liberties with a minor, because there is sufficient testimony in the record to support five counts of this crime.

**7. Evidence— instructions—statements of minor victim—substantive purposes**

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties with a minor case by instructing the jury that the statements of the minor victim to a licensed professional counselor, a pediatric nurse, and a doctor were admitted as substantive evidence concerning the truth of what the victim stated at an earlier time, because the Court of Appeals has already determined that these statements were properly admitted as substantive evidence by meeting the requisite guarantees of trustworthiness.

Appeal by defendant from judgment entered 25 May 2000 by Judge Kimberly S. Taylor and amended 28 June 2000, in Superior Court, Cabarrus County. Heard in the Court of Appeals 17 October 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Laura E. Crumpler, for the State.*

*Bender and Barnett, by Harold J. Bender, for defendant-appellant.*

McGEE, Judge.

Warren David Isenberg, Sr. (defendant) was indicted for first degree statutory sex offense on 21 February 2000, and five counts of taking indecent liberties with a minor on 15 May 2000. A jury found defendant guilty of all charges on 25 May 2000. The cases were consolidated for sentencing purposes, and defendant was sentenced to 192 to 240 months in prison. Defendant appeals.

The evidence presented at trial by the State tended to show the minor victim's family and defendant's family were acquainted through the friendship of the minor victim's brother and defendant's son. The families did various activities together such as cookouts, Cub Scouting events, attending movies together, and babysitting each others' children. Defendant and his family invited the minor victim and her brother to spend the night at their home on 1 May 1999 and 22 May 1999.

Following several incidents at school in which the minor victim exhibited uncharacteristic episodes of violent behavior, the minor victim's mother took the minor victim to see Randy Howell (Howell), a licensed professional counselor, for several counseling sessions beginning on 19 May 1999. Howell testified he employed a technique called "draw therapy" during his counseling sessions, in which the minor victim would draw pictures and then the two would discuss the pictures. Over the course of several sessions, the minor victim drew pictures of herself in the shower, a "sad" bed and a "happy" bed, penises, and a picture of herself with no mouth, which Howell testified was characteristic of children who have been sexually or physically abused.

The minor victim's mother testified that during the seventh session on 30 June 1999, the minor victim drew a picture of defendant sitting on a toilet. The minor victim explained to Howell that defendant was showing her his penis with "white pee-pee" coming out, and she made a motion which indicated defendant was masturbating. At this point, the minor victim's mother and Howell began to suspect sexual abuse, and they discussed reporting this information to the police. The minor victim's mother decided to wait because she felt her daughter was safe from repeated offenses, and she wanted to be certain before she brought such allegations against a friend. The minor victim's mother and Howell agreed to have a few more sessions.

At the 11 August 1999 session, the minor victim stated defendant had touched her vagina and bottom. After this session, the minor victim's parents contacted Detective Doug Wilhelm of the Concord Police Department. Detective Wilhelm arranged a visit to the Children's Advocacy Center, located on the pediatric floor of Northeast Medical Center. The minor victim was interviewed by Julie Brafford (Brafford), a pediatric nurse, and then physically examined by Dr. Amy Morgan. The interview with Brafford was videotaped, and the jury watched this video. During the interview,

**STATE v. ISENBERG**

[148 N.C. App. 29 (2001)]

the minor victim stated she was touched on her vagina and her bottom by defendant.

Dr. Morgan testified she performed a physical examination of the minor victim on 30 August 1999. The minor victim told Dr. Morgan that defendant touched her vagina and inside her vagina. Dr. Morgan also testified that during the examination she noted a notch on the minor victim's hymen, which she described as consistent with sexual abuse.

Defendant testified at trial and denied he ever engaged in any inappropriate touching of or any sexual conduct with the minor victim. Defendant's wife also testified that she was with the minor victim during the weekends the minor victim spent the night at her and defendant's home, and she testified her husband did not do anything inappropriate with the minor victim. Defendant also presented character witnesses who testified that his character and reputation in the community was very good.

I.

**[1]** Defendant first argues the trial court erred in finding that Howell, a licensed professional counselor, was an expert in the area of counseling behavior of sexually abused children. We disagree.

In general, whether "a witness has the requisite skill to qualify as an expert in a given area is chiefly a question of fact, the determination of which is ordinarily within the exclusive province of the trial court." *State v. Goodwin*, 320 N.C. 147, 150, 357 S.E.2d 639, 641 (1987). A "finding by the trial judge that the witness possesses the requisite skill will not be reversed on appeal unless there is no evidence to support it." *State v. Parks*, 96 N.C. App. 589, 592, 386 S.E.2d 748, 750 (1989) (quoting *State v. Bullard*, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984)). "Under N.C.G.S. § 8C-1, Rule 702 a witness may be qualified as an expert if the trial court finds that through 'knowledge, skill, experience, training, or education' the witness has acquired such skill that he or she is better qualified than the jury to form an opinion on the particular subject." *Goodwin*, 320 N.C. at 150-51, 357 S.E.2d at 641.

In the case before us, Howell testified he had a master's degree in education, which included 2,000 hours at a day treatment center for children with behavioral problems stemming from both violent and sexual abuse; he was a licensed professional counselor in North Carolina; and he had six years of experience at Gaston Mental Health

at Court Drive School and Rowan County Behavioral Healthcare, where he counseled and treated children in a highly structured environment who had been traumatized by sexual and physical abuse. He was tendered as an expert in the counseling of and the behavior of sexually abused children.

Defendant argues the trial court erred in qualifying Howell as an expert witness, pursuant to *State v. Parker*, 111 N.C. App. 359, 432 S.E.2d 705 (1993) and *State v. Trent*, 320 N.C. 610, 359 S.E.2d 463 (1987). However, in both *Parker* and *Trent* the trial court determined the expert was a qualified and properly tendered expert, but the court in both cases held neither expert was qualified to give an expert opinion concerning whether or not the victim in the case was sexually abused.

Conversely, in the case before us, Howell did not testify as to whether, in his expert opinion, the minor victim had been sexually abused. He testified that her behavior was consistent with a child who had been sexually abused. Experts "in the field may testify on the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent with this profile." *State v. Hall*, 330 N.C. 808, 818, 412 S.E.2d 883, 888 (1992). While Howell, based on his experience and training, was not in a better position than the jury to make the ultimate determination of sexual abuse, he was in a better position than the jury, based on his training and experience, to determine what behavior was consistent or inconsistent with children who had been sexually abused. The "nature of the experts' jobs and the experience which they possess make them better qualified than the jury to form an opinion as to the characteristics of abused children." *State v. Grover*, 142 N.C. App. 411, 419, 543 S.E.2d 179, 184 (2001). The trial court did not err in qualifying Howell as an expert witness in that his testimony was of the nature that would assist the jury in their ultimate determination of sexual abuse. This assignment of error is without merit.

## II.

[2] Defendant next argues the trial court erred in allowing the testimony of Howell to be introduced as substantive evidence under the residual exception to the hearsay rule. The trial court found the minor victim to be unavailable because the minor victim refused to answer questions asked of her at trial.

N.C. Gen. Stat. § 8C-1 Rule 804(b)(5) (1999) "permits the admission of statements having equivalent guarantees of trustworthiness

where a declarant is unavailable." *State v. Pretty*, 134 N.C. App. 379, 384, 517 S.E.2d 677, 682 (1999). To be admissible, the trial court must determine that the declarant is unavailable, and the statement must meet a six-step analysis:

(1) Whether the proponent of the hearsay provided proper notice to the adverse party of his intent to offer it and of its particulars;

(2) That the statement is not covered by any of the exceptions listed in Rule 804(b)(1)-(4);

(3) *That the statement possesses "equivalent circumstantial guarantees of trustworthiness";*

(4) That the proffered statement is offered as evidence of a material fact;

(5) Whether the hearsay is "more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable means"; and

(6) Whether "the general purposes of [the] rules [of evidence] and the interests of justice will best be served by admission of the statement into evidence."

*State v. Wagoner*, 131 N.C. App. 285, 288, 506 S.E.2d 738, 740 (1998) (quoting *State v. Swindler*, 339 N.C. 469, 473-74, 450 S.E.2d 907, 910 (1994)) (other citations omitted) (emphasis in original). "While no showing of necessity or trustworthiness is required for the other 'firmly rooted hearsay exceptions,' a showing of necessity and trustworthiness is required for statements admitted under the catch-all exception to the hearsay rule to avoid violating the constitutional right to confront." *Wagoner*, 131 N.C. App. at 289, 506 S.E.2d at 741 (quoting *State v. Jackson*, 348 N.C. 644, 654, 503 S.E.2d 101, 107 (1998)).

In the case before us, the trial court found that the victim was unavailable and made findings to satisfy the six requirements in *Wagoner*. Defendant has chosen to focus his assignment of error on factor three in *Wagoner* and argues the trial court erred in finding the State presented sufficient guarantees of trustworthiness. We disagree.

In order to evaluate circumstantial guarantees of trustworthiness, the court must examine the

(1) assurances of the declarant's personal knowledge of the underlying events, (2) the declarant's motivation to speak the truth or otherwise, (3) whether the declarant has ever recanted the statement, and (4) the practical availability of the declarant at trial for meaningful cross-examination.

*Wagoner* 131 N.C. App. at 290, 506 S.E.2d at 741 (quoting *State v. Triplett*, 316 N.C. 1, 10-11, 340 S.E.2d 736, 742 (1986). The trial court found that the minor victim was personally present and had personal knowledge of the incidents at issue; Howell did not indicate that the victim had any motivation to make a false statement, that the victim was angry with defendant, or that Howell or the parent had prompted the statement of the minor victim; the minor victim did not recant her statements during the counseling sessions with Howell. The record also shows the trial court attempted on two different occasions to speak with the minor victim to have her answer questions. The minor victim did not respond in any meaningful manner when asked questions, especially questions concerning the trial proceedings. There is evidence to support the trial court's findings, and we will not disturb the trial court's conclusion of law. We dismiss this assignment of error.

## III.

**[3]** Defendant next argues the trial court erred by permitting hearsay statements made by the minor victim to Julie Brafford, a pediatric nurse, and to Dr. Amy Morgan to be introduced as substantive evidence pursuant to N.C. Gen. Stat. § 8C-1 Rule 803(4) (1999), the medical diagnosis exception.

Rule 803(4) "requires a two-part inquiry: (1) whether the declarant's statements were made for purposes of medical diagnosis or treatment; and (2) whether the declarant's statements were reasonably pertinent to diagnosis or treatment." *State v. Hinnant*, 351 N.C. 277, 284, 523 S.E.2d 663, 667 (2000). Testimony admitted under the medical diagnosis exception "is considered inherently reliable because of the declarant's motivation to tell the truth in order to receive proper treatment." *Id.* at 286, 523 S.E.2d at 669. Therefore, "the proponent of Rule 803(4) testimony must affirmatively establish that the declarant had the requisite intent by demonstrating that the declarant made the statements understanding that they would lead to medical diagnosis or treatment." *Id.* at 287, 523 S.E.2d at 669. Due to the difficulty in ascertaining "whether a declarant understood the purpose of his or her statements[] . . . the trial court should consider

all objective circumstances of record surrounding declarant's statements in determining whether he or she possessed the requisite intent under Rule 803(4)." *Id.* at 287-88, 523 S.E.2d at 669-70.

Defendant argues that because Dr. Morgan examined the minor victim pursuant to a request by Detective Wilhelm of the Concord Police Department following the arrest of defendant, the examination was in preparation for trial and not for medical treatment; consequently, the hearsay statements are not admissible under the Rule 803(4) exception. Defendant relies on *State v. Stafford*, 317 N.C. 568, 346 S.E.2d 463 (1986), in which our Supreme Court excluded the testimony of a physician because in his examination he "neither treated nor diagnosed any condition" of the victim, nor was there any testimony that the victim visited the physician "for the purpose of treatment or obtaining a diagnosis." *Id.* at 574, 346 S.E.2d at 467. Our Supreme Court held that under "Rule 803(4) a prerequisite to admissibility for substantive purposes of statements made to physicians is that they be 'made for the purpose of medical diagnosis or treatment.' " *Id.* In *Stafford*, the victim visited the physician only once, three days before the start of the trial. The trial court determined the victim's statements to the physician were "not for purposes of diagnosis or treatment but for the purpose of preparing and presenting the state's 'rape trauma syndrome' theory at trial which was to commence three days later." *Id.*

Defendant also relies on *State v. Bates*, 140 N.C. App. 743, 538 S.E.2d 597 (2000), where our Court determined the trial court erred in admitting hearsay testimony of a psychologist because the interview between the psychologist and the child victim did not possess a "treatment motive," the victim did not know why she was at the interview, and the psychologist did not make it clear to the child victim that she needed treatment. *Bates* at 746, 538 S.E.2d at 600. Furthermore, the psychologist did not emphasize the need to be truthful, and the interview was performed in a child-friendly environment containing only small furniture and lots of toys, an environment our Supreme Court has stated "does not emphasize the need for honesty." *Id.*

However, the case before us is distinguishable from both *Bates* and *Stafford*. Regarding the statements of Brafford, the trial court made the following findings of fact: Brafford's interview of the minor victim took place in a hospital, and the victim was taken to the pediatric ward of the hospital; Brafford was wearing hospital uniform attire when she spoke to the minor victim, and she had a badge on

identifying her as a nurse; before the interview, Brafford explained to the minor victim that following the interview the minor victim would see a doctor for a physical examination; and Brafford asked the minor victim whether she understood the difference between the truth and a lie and instructed her to be truthful during the interview. These findings support the first prong of the medical exception analysis. The assurances of trustworthiness the medical exception requires were present.

The required assurances of trustworthiness were also present in the statements made to Dr. Morgan. The examination occurred in a regular medical examination room. Dr. Morgan told the minor victim she would be examined from "head to toe." Dr. Morgan performed the examination similar to any other standard physical examination, starting by checking the minor victim's nose, throat, and ears. Dr. Morgan testified that when she performs a physical examination, she does

> a head to toe check-up. Kind of start at the top, ears, eyes, nose, throat, tummy, etcetera; and then as I get closer to or down to the area of the genitals, I tell them that just like their other doctor might have checked them there, that I need to check them there today to see if they're okay.

Furthermore, Brafford testified the purpose of the "interview and . . . medical exam is to make sure that we get . . . factual information from the child and to make sure [that they] are physically okay and that they don't have any harm." Dr. Morgan testified the purpose of the examination "is to determine if the child has been injured and then if the child has been injured, to render any treatment and perform any diagnostic studies and make appropriate referrals to specialists, whether they be for medical problems or psychiatric or psychological problems." The trial court found the purpose of the examination was "dual, in that it was both for the purpose of medical intervention and for the purpose of future prosecution[,]" which meets the first prong of the test.

The minor victim's statements also are sufficient to meet the second prong of the *Hinnant* test. The statements the minor victim made were "reasonably pertinent to diagnosis." The minor defendant stated how and where she was inappropriately touched. She also stated by whom she was touched. The "victim's identification of the defendant as perpetrator was pertinent to continued treatment of the possible psychological and emotional problems resulting from the [sexual

offense]." *State v. Aguallo*, 318 N.C. 590, 597, 350 S.E.2d 76, 81 (1986). Defendant's assignment of error is dismissed.

IV.

**[4]** Defendant next argues the trial court erred by permitting Howell and Dr. Morgan to testify as to the credibility of the minor victim.

In general, it is not error for experts "to testify concerning the symptoms and characteristics of sexually abused children and to state their opinions that the symptoms exhibited by the victim were consistent with sexual or physical abuse." *State v. Kennedy*, 320 N.C. 20, 31-32, 357 S.E.2d 359, 366 (1987). The testimony is admissible if the testimony, "if believed, could help the jury understand the behavior patterns of sexually abused children and assist it in assessing the credibility of the victim." *Id.*

Defendant argues, based on *State v. Hall*, 330 N.C. 808, 412 S.E.2d 883 (1992) and *State v. Hensley*, 120 N.C. App. 313, 462 S.E.2d 550 (1995), that the evidence is admissible, if at all, only with a limiting instruction that it be considered for corroborative and not substantive purposes. In *Hall*, the Supreme Court found error in the admission of testimony concerning the victim's diagnosis of post-traumatic stress disorder and conversion disorders. The Court did not rule this type of evidence was always inadmissible, but instead found the testimony

> was not limited by the trial court to any particular purpose. It was admitted for the substantive purpose of allowing the jury to infer that [the victim] had in fact been raped. Because this evidence was not limited by the trial court to corroborating [the victim's] version of the events . . . we find error in its admission.

*Hall*, 330 N.C. at 823, 412 S.E.2d at 891-92. Likewise in *Hensley*, a physician's testimony concerning the symptoms of post-traumatic stress disorder exhibited by the victim,

> while not mentioning defendant's name specifically, without question intimates the cause of the alleged victim's post-traumatic stress syndrome was the sexual abuse inflicted by *defendant*. This testimony was thus erroneously admitted as substantive evidence to prove [the victim] suffered a sexual assault by anal penetration and that defendant committed the offense.

*Hensley,* 120 N.C. App. at 319, 462 S.E.2d at 554 (emphasis in original). However, in the case before us, defendant made general objections to these statements during the trial, but at no time requested a limiting instruction. In North Carolina, the rule "has long been that an instruction limiting admissibility of testimony to corroboration is not required unless counsel specifically requests such instruction." *State v. Quarg,* 334 N.C. 92, 101, 431 S.E.2d 1, 5 (1993).

Furthermore, we note the decisions in both *Hall* and *Hensley* are limited to post-traumatic stress disorders and conversion disorders. In *State v. Richardson,* 112 N.C. App. 58, 434 S.E.2d 657 (1993), our Court distinguished the underlying facts from *Hall* because the expert in *Richardson* testified to "basic characteristics of sexually abused children, reasons for children failing to report abuse to parents, and various events leading to disclosure." *Id.* at 65, 434 S.E.2d at 662. Our Court determined that since no "testimony as to an abuse 'profile' or 'syndrome' was given . . . the analysis set forth in *Hall* is inapplicable." *Id.* Likewise, in the case before us neither Howell nor Dr. Morgan testified that the minor victim suffered from a post-traumatic stress disorder. They both testified as to the general characteristics of children who suffer from sexual abuse. We therefore dismiss this assignment of error.

V.

Defendant next argues the trial court erred by failing to dismiss the charge of first degree sex offense and the charges of taking indecent liberties with a minor.

[5] Defendant argues the charge of first degree sexual offense should have been dismissed because there was no evidence of penetration. We disagree. "For a charge of sexual offense to withstand a motion to dismiss for insufficient evidence, there must be evidence of anal or genital penetration by any object." *State v. Dick,* 126 N.C. App. 312, 317, 485 S.E.2d 88, 91 (1997). Howell testified that the minor victim had reported that defendant touched her inside her vagina. Dr. Morgan testified that when she examined the minor victim, she questioned the minor victim while using a soft cotton swab to touch areas of the minor victim's body. When Dr. Morgan touched the minor victim inside her vagina, the minor victim stated defendant had touched her there. Dr. Morgan testified:

> When I placed the Q-tip on the vaginal area in between the labia or the lips of the vagina, she stated that she had been

> touched there; and when I placed the Q-tip just touching the
> hymen but not inserting it into the vaginal canal, she stated . . .
> she had been touched there.
>
> . . . .
>
> I did ask her during the course of these questions, as I always do,
> who touched you there. . . . and she did answer my question and
> she said [defendant] touched me.

Dr. Morgan also found a notch on the minor victim's hymen, which
Dr. Morgan testified was evidence that was consistent with sexual
abuse. In

> ruling on a motion to dismiss, the trial court must view all of the
> evidence in the light most favorable to the State, giving the State
> the benefit of every reasonable inference to be drawn from the
> evidence. A motion to dismiss must be denied where substantial
> evidence exists of each essential element of the crime charged
> and of the defendant's identity as the perpetrator. "Substantial
> evidence" is "such relevant evidence as a reasonable mind might
> accept as adequate to support a conclusion."

*State v. McAllister*, 138 N.C. App. 252, 259-60, 530 S.E.2d 859, 864
(2000) (quoting *State v. Williams*, 127 N.C. App. 464, 467, 490 S.E.2d
583, 586 (1997)) (other citations omitted). The evidence at trial of
penetration was sufficient to survive a motion to dismiss and be
weighed and decided by the jury.

**[6]** Defendant also argues there was not sufficient evidence to sub-
mit to the jury five counts of taking indecent liberties with a child.
N.C. Gen. Stat. § 14-202.1(a) (1999) states that:

> A person is guilty of taking indecent liberties with children if,
> being 16 years of age or more and at least five years older than the
> child in question, he either:
>
> (1) Willfully takes or attempts to take any immoral,
> improper, or indecent liberties with any child of either sex under
> the age of 16 years for the purpose of arousing or gratifying sex-
> ual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or las-
> civious act upon or with the body or any part or member of the
> body of any child of any sex under the age of 16 years.

There is again sufficient testimony in the record of five counts of defendant taking indecent liberties with the minor victim. We therefore dismiss this assignment of error.

[7] Defendant next argues the trial court erred in instructing the jury that the statements of the minor victim to Howell, Brafford, and Dr. Morgan were admitted as substantive evidence of the truth of what the minor victim stated at an earlier time. However, as we have already determined these statements were properly admitted as substantive evidence by meeting the requisite guarantees of trustworthiness, it was not error for the trial .court to instruct the jury accordingly. We therefore dismiss this assignment of error.

No error.

Judges TIMMONS-GOODSON and JOHN concur.