STATE OF NORTH CAROLINA v. LEE R. TRENT, III

No. 81A86

(Filed 3 September 1987)

**1. Rape and Allied Offenses § 3— indictment for rape of child under 13—failure to charge crime**

    An indictment alleging the rape of "a child under the age of 13 years" did not allege a criminal offense for a rape which allegedly occurred before the 1 October 1983 amendment of N.C.G.S. § 14-27.2.

**2. Criminal Law § 51.1; Rape and Allied Offenses § 4— sexual abuse—medical testimony inadmissible**

    In a prosecution for first degree rape and taking indecent liberties with a minor, a pediatrician's diagnosis of sexual abuse based upon the history given to him by the victim and a pelvic examination four years after the date of the alleged offenses which revealed only that the victim's hymen was not intact was not admissible under N.C.G.S. § 8C-1, Rule 702 since the witness was not in a better position than the jury to determine whether the victim had been sexually abused.

APPEAL by defendant from a sentence of life imprisonment imposed by *Phillips, J.* Defendant was convicted at the 28 October 1985 Session of Superior Court, PITT County, of first degree rape and taking indecent liberties with a minor. He received concurrent sentences of life imprisonment for the conviction of first degree rape and three years' imprisonment for the conviction of taking indecent liberties with a minor. Defendant's motion to bypass the Court of Appeals on the lesser offense was allowed by this Court on 11 February 1986. Heard in the Supreme Court 12 May 1987.

*Lacy H. Thornburg, Attorney General, by Stephen F. Bryant, Assistant Attorney General, for the State.*

*Fitch, Butterfield & Wynn, by James A. Wynn, Jr., and Milton F. Fitch, Jr., for defendant-appellant.*

FRYE, Justice.

We find two issues dispositive in this case. First, we hold that the indictment for first degree rape was fatally defective, and judgment must therefore be arrested in that case. Second, we hold that reversible error occurred during the testimony of the State's medical expert.

Defendant was indicted on 19 August 1985 for taking indecent liberties with a minor, his daughter, in 1980, and for first degree rape of that same daughter in 1981. These offenses were consolidated for trial. Defendant was tried at the 28 October 1985 Session of Superior Court, Pitt County, before Phillips, J.

According to the evidence presented at defendant's trial, defendant was twice married. By his first wife, he had a son and a daughter, the victim in the instant case. His first marriage ended in divorce, and defendant and his two children lived in Richmond, Virginia, where his mother took care of the children while he attended medical school. After his graduation, the family moved to Greenville, North Carolina, where defendant married his present wife in 1979. The victim testified at trial that in 1980, when she was ten years old, defendant began to touch her vaginal area and breasts. He had sexual intercourse with her when she was eleven. She also testified that while visiting in Richmond during the summer of 1981, she told relatives about defendant's actions, and she

was allowed to live with her grandmother in Richmond. In 1984, she returned to live with defendant. She testified that defendant resumed touching her at that time.

Defendant testified in his own behalf and denied any misconduct. He offered evidence that his children were hostile to his second wife, and his remarriage caused friction with his mother. He testified that his relatives asked him to take his daughter back to live with him in 1984 because she had become a discipline problem. He said that he was in a state of shock when he first learned of her allegations against him.

Defendant was convicted of both charges. The trial judge imposed the mandatory life sentence for first degree rape and sentenced defendant to a term of three years' imprisonment for the offense of taking indecent liberties with a minor. Defendant appealed to this Court; his motion to bypass the Court of Appeals on the lesser offense was allowed on 11 February 1986.

[1] The indictment charging defendant with first degree rape was fatally defective and should have been quashed. It charged defendant, pursuant to N.C.G.S. § 14-27.2, with the rape of "a child under the age of 13 years" during the "[a]cademic [s]chool [y]ear of 1981." N.C.G.S. § 14-27.2 was amended effective 1 October 1983 by substituting "a child under the age of 13 years" for "a child of the age of 12 years or less." 1983 N.C. Sess. Laws chs. 175 and 720. Thus, at the time of the alleged offense, the prior statute controlled. This Court has previously held in *State v. Howard*, 317 N.C. 140, 343 S.E. 2d 538 (1986) (*per curiam*) that a bill of indictment alleging the rape of "a child under the age of 13 years" does not allege a criminal offense for a rape allegedly occurring before the amendment to the statute. We hold that *Howard* controls and that the judgment entered in the first degree rape case must therefore be arrested. The State may, of course, seek an indictment of defendant based upon the statute in effect at the time of the alleged rape.

[2] We also hold that defendant is entitled to a new trial on the remaining charge of taking indecent liberties with a minor. The State introduced into evidence in its case in chief the testimony of Dr. James R. Markello, who was admitted by the court as an expert in the field of medicine with a specialty in pediatrics. Dr. Markello testified that he examined the victim on 9 August 1985

at the request of the Department of Social Services for the purpose of determining the existence of sexual abuse and for foster placement. He interviewed her specifically with regard to her allegations of sexual abuse. He testified in essence that she told him that her father had treated her for a rash on her thigh when she was about ten years old, that he had at that time begun to touch her private parts and breasts and continued to do so even after the rash disappeared, and that he had had sexual intercourse with her. Dr. Markello said that the victim also told him about moving back to Virginia to live with her grandmother in the summer of 1981 and returning to Greenville in September of 1984, when, according to the victim, the touching, but not the sexual intercourse, began again. The victim told Dr. Markello that she attempted to commit suicide in July of 1985 but was not treated for the attempt. Dr. Markello further testified that he turned the victim over to another physician to conduct a pelvic exam, which showed that the victim's hymen was not intact. The exam showed no lesions, tears, abrasions, bleeding or otherwise abnormal conditions. The following then transpired:

> PROSECUTOR: Dr. Markello, based upon the physical examination that was conducted by you and that part conducted under your supervision, and the history that was related to you by Valerie Trent, did you arrive at a diagnosis?
>
> MR. FITCH: Objection.
>
> THE COURT: Overruled.
>
> A. I did.
>
> Q. And what was that diagnosis?
>
> MR. FITCH: Objection.
>
> THE COURT: Overruled.
>
> A. The diagnosis was that of sexual abuse.

On cross-examination, Dr. Markello clarified that based on the history given to him by the victim, his diagnosis extended to the events of 1980-81.

The trial court admitted Dr. Markello's opinion pursuant to Rule 702 of the North Carolina Rules of Evidence. His recounting of the victim's statements to him and the results of her pelvic

exam were admitted to corroborate her testimony and to show the basis for his opinion. Defendant contends, and we agree, that Dr. Markello's testimony was not admissible under Rule 702.

Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion (1983, c. 701, s. 1).

N.C.G.S. § 8C-1, Rule 702 (1986). Thus, in order for one qualified as an expert to present an opinion based upon his specialized knowledge, his opinion must assist the trier of fact. In *State v. Wilkerson*, 295 N.C. 559, 568-69, 247 S.E. 2d 905, 911 (1978), this Court explained:

> [I]n determining whether expert medical opinion is to be admitted into evidence the inquiry should be . . . whether the opinion expressed is really one based on the special expertise of the expert, that is, whether the witness because of his expertise is in a better position to have an opinion on the subject than is the trier of fact.

Upon the record before us, it is clear that the State failed to lay a sufficient foundation for the admission of Dr. Markello's testimony in this case. The doctor repeatedly testified that his diagnosis was based upon the results of the pelvic exam and the history given to him by the victim. He cited no other basis for his diagnosis. The pelvic exam was made four years after the date of the offenses with which defendant was charged. It revealed only that the victim's hymen was not intact. Dr. Markello testified that the condition of the hymen alone would not support a diagnosis of sexual abuse, but only a conclusion that the victim had been sexually active. The State was required to lay a sufficient foundation to show that the opinion expressed by Dr. Markello was really based upon his special expertise, or stated differently, that he was in a better position than the jury to have an opinion on the subject. Given the limited basis recited by Dr. Markello for his diagnosis, there is nothing in the record to support a conclusion that he was in a better position than the jury to determine whether the victim was sexually abused in 1980-81. Accordingly,

this testimony was not admissible under Rule 702, and the trial judge erred in overruling defendant's objection to it.

We also hold that in the instant case, the error was prejudicial. Defendant is entitled to a new trial if there is a "reasonable possibility that, had the error . . . not been committed, a different result would have been reached . . . ." N.C.G.S. § 15A-1443(a) (1983). The central contest in the instant case was over credibility. The alleged sexual acts were not brought to the attention of the authorities for approximately four years. There was considerable evidence of conflict in the family arising out of resentment over defendant's second marriage. There was evidence that until the present charges were brought, defendant had an excellent reputation in the community. We cannot say that, under the facts of this case, there was no reasonable possibility of a different result had the error not occurred.

Because defendant's remaining assignments of error may not arise upon retrial of this case, we deem it unnecessary to discuss them.

For the reasons set forth in this opinion, we arrest judgment on defendant's conviction for first degree rape and order that he be given a new trial on the charge of taking indecent liberties with a minor.

No. 85CRS17159 first degree rape — judgment arrested.

No. 85CRS17160 indecent liberties — new trial.