STATE OF NORTH CAROLINA v. WILLIAM MARTIN BATES

No. COA99-1376

(Filed 5 December 2000)

**1. Evidence— hearsay—medical diagnosis or treatment exception—no intent to obtain treatment**

Out-of-court statements made by an alleged child victim of sexual abuse to a psychologist were not made with the intent to obtain medical treatment and thus were not admissible under the medical diagnosis or treatment exception to the hearsay rule, because: (1) the record does not disclose that the psychologist explained to the child the medical purpose of the interview or the importance of truthful answers; (2) the interview was not conducted in an environment emphasizing the need for honesty since it was conducted in a child-friendly room with child-sized furniture and lots of toys; and (3) the child's statements lack inherent reliability based on the nature of the psychologist's leading questions.

**2. Evidence— hearsay—victim's statements to psychologist**

The trial court erred in an indecent liberties case by admitting a psychologist's testimony recounting an alleged child sexual abuse victim's out-of-court statements without a limiting instruction, because: (1) the trial court explicitly ruled the testimony was substantive evidence and therefore did not limit the jury's consideration of her testimony as corroborative; (2) the psychologist's testimony was both longer and more certain than the child's testimony, and included many facts not mentioned by the child; and (3) the charge of taking indecent liberties with a minor does not require that all jurors agree on the act which formed the basis for the crime, and it is uncertain whether the psychologist's testimony formed the basis of some jurors' opinions.

**3. Evidence— opinion testimony—doctor—sexual abuse— improper foundation**

The trial court erred in an indecent liberties case by admitting the opinion testimony of a doctor that the child had been abused, because: (1) the doctor testified that the child's body showed no signs of abuse, yet the doctor opined that the child was the victim of sexual abuse based entirely on statements made by the child to a psychologist; and (2) the doctor did not

base her opinion on what the child said, but instead on what the psychologist said happened to the child.

Appeal by defendant from judgment entered 22 February 1999 by Judge Henry V. Barnett, Jr. in Superior Court, Harnett County. Heard in the Court of Appeals 11 October 2000.

*Michael F. Easley, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

The primary issue on appeal is whether the defendant who was convicted by a jury on one count of taking indecent liberties with a minor is entitled to a new trial under the recent ruling of our Supreme Court in *State v. Hinnant*, 351 N.C. 277, 523 S.E.2d 663 (2000). Having carefully reviewed that decision in light of the facts of this case, we are compelled to follow the law of our Supreme Court and grant the defendant a new trial. The defendant also pled guilty to a second charge of taking indecent liberties against a different child and received a separate sentence of seven years of probation. However, the defendant does not appeal from that conviction, nor does it appear he would have the right to do so under the limited grounds provided by N.C. Gen. Stat. § 15A-1444 (1997). Since he does not challenge the conviction stemming from his guilty plea, the sentence of seven years of probation remains in effect. *See* N.C.R. App. P. 10 and 28 (the scope of our review is limited to assignments of error set forth in the record on appeal and argued in the briefs).

The facts pertinent to the issues before us involve testimony that was rendered by two expert witnesses. First, Lauren Rockwell-Flick, a psychologist with the Sexual Abuse Team at Wake Medical Center testified that she talked to the alleged child victim for about ten minutes, during which the child told her a number of things about the defendant: That he showed her his penis and made her wash it, that he performed cunnilingus on her, that he "french kissed" her, had intercourse with her, and put his finger and a crayon in her rectum. Rockwell-Flick concluded that the defendant had abused the child.

STATE v. BATES

[140 N.C. App. 743 (2000)]

Second, Dr. Denise Everette of Wake Medical Center performed a physical examination of the child. Although she found no physical evidence of abuse, Dr. Everette relied on the information given to her by Rockwell-Flick and concluded that the child had been sexually abused.

Following his conviction and after filing his brief with this Court, the defendant moved for appropriate relief citing our Supreme Court's pronouncement of a new interpretation of the medical treatment hearsay exception under North Carolina Rule of Evidence 803(4) in *State v. Hinnant*, 351 N.C. 277, 523 S.E.2d 663 (2000). In that case, our Supreme Court held that "the proponent of Rule 803(4) testimony must affirmatively establish that the declarant . . . made the statements understanding that they would lead to medical diagnosis or treatment." *Id.* at 287, 523 S.E.2d at 669. This proclamation overruled a long line of cases, such as *State v. Jones*, 89 N.C. App. 584, 367 S.E.2d 139 (1988), which downplayed the importance of the declarant's motives, so long as the declarant's statements led to medical treatment.

Our Supreme Court in *Hinnant* pointed out the difficulty of determining whether a declarant—especially a young child—understood the purpose of his or her statements, and set forth the general rule that the court "should consider all objective circumstances of record surrounding declarant's statements in determining whether he or she possessed the requisite intent under Rule 803(4)." *Hinnant*, 351 N.C. at 288, 523 S.E.2d at 670. Some factors to consider in determining whether a child had the requisite intent are whether an adult explained to the child the need for treatment and the importance of truthfulness; with whom and under what circumstances the declarant was speaking; the setting of the interview; and the nature of the questions. *See id.*

The defendant argues that much of the testimony offered in his case—particularly that offered by Rockwell-Flick—was inadmissible under the new *Hinnant* test. The State responds first by arguing that this Court should not consider this new argument because N.C. Gen. Stat. § 15A-1419 provides that we may deny a motion for appropriate relief if:

Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.

STATE v. BATES

[140 N.C. App. 743 (2000)]

N.C. Gen. Stat. § 15A-1419(a)(3) (2000). However, this statute is inapplicable to the present motion since it applies only to appeals *after* the first appeal. The subject appeal is the defendant's *first* appeal, so N.C. Gen. Stat. § 15A-1415 controls and allows the present motion.

In North Carolina, a defendant may file a motion for appropriate relief if:

> There has been a significant change in law, either substantive or procedural, applied in the proceedings leading to the defendant's conviction or sentence, and retroactive application of the changed legal standard is required.

N.C. Gen. Stat. § 15A-1415(b)(7) (2000). The *Hinnant* decision resulted in a substantial change in the application of N.C.R. Evid. 803(4) and the Supreme Court expressly stated that the decision applied to all cases currently on appeal. *See Hinnant*, 351 N.C. at 287, 523 S.E.2d at 669. Thus, the defendant has the right under N.C. Gen. Stat. § 15A-1415(b)(7) to file his motion, and we have the duty to consider it. Since the defendant's motion and the State's response adequately address the impact of *Hinnant* on the case at bar, we will treat both documents as supplemental briefs and address the merits of their arguments in this opinion.

The State argues that the case at bar is distinguishable from *Hinnant* because the minor child in this case *did* have a treatment motive when she made statements to various people, and the minor child in the case at bar testified and therefore most of the challenged testimony is *corroborative*, not substantive, evidence. We disagree.

[1] First, we note that the facts in the case at bar are very similar to the facts in *Hinnant*, at least in terms of Rockwell-Flick's interview methods and testimony. As in *Hinnant*, the record on appeal fails to show that the child had a treatment motive when she told Rockwell-Flick about the defendant's conduct. In fact, when the child arrived at Rockwell-Flick's office, Rockwell-Flick asked her why she was there. The child responded that she did not know why she was there. Although Rockwell-Flick eventually told the child that it was her job to "talk to kids about their problems," she never made it clear that the child needed treatment nor did she emphasize the need for honesty. Further, like the child in *Hinnant*, the child in this case talked to Rockwell-Flick in a "child-friendly" room that contained only child-sized furniture and lots of toys. This environment, according to our Supreme Court, does not emphasize the need for honesty. *See id.* at

290, 523 S.E.2d at 671. Finally, as in *Hinnant*, the child's statements lack inherent reliability because of the nature of Rockwell-Flick's leading questions. *See id.* Indeed, almost none of the child's statements about the defendant were spontaneous, but rather responded to direct questions such as whether anyone had ever touched or kissed her.

[2] Second, although the child testified, unlike the minor child in *Hinnant*, we cannot treat Rockwell-Flick's testimony as corroborative testimony since the trial court *explicitly ruled that it was substantive evidence.* Consistent with that ruling, the trial court did not limit the jury's consideration of her testimony as corroborative. *See State v. Quarg,* 334 N.C. 92, 101-02, 431 S.E.2d 1, 5 (1993) (holding that a trial court errs when it fails to give a limiting instruction properly requested by a party).

In this case, there was no physical evidence of abuse and the child's testimony was fairly brief and consisted mainly of responses to leading questions. The State relied heavily on the testimony of adults who interviewed the child, including Rockwell-Flick's testimony. Indeed, her testimony was both longer and more certain than the child's testimony, and included many facts not mentioned by the child, such as the possibility of french kissing and the insertion of objects into her rectum. Had this evidence been excluded or limited to corroborative purposes only, there is a reasonable possibility that the jury would have reached a different verdict. This is especially true in light of the fact that the charge of taking indecent liberties with a minor does not require that all jurors agree on the act which formed the basis for the crime. *See State v. Hartness,* 326 N.C. 561, 391 S.E.2d 177 (1990). Conceivably, each juror used a different act to form his or her opinion that the defendant was guilty of taking indecent liberties with the child, and we cannot say that Rockwell-Flick's testimony did not form the basis of some jurors' opinions.

We conclude that under *Hinnant*, the trial court erroneously admitted Rockwell-Flick's testimony without a limiting instruction. Further, this testimony was sufficiently prejudicial to warrant a new trial.

[3] The defendant raises another meritorious issue by contending that the trial court erred in admitting the opinion testimony of Dr. Everette that the child had been abused. Specifically, the defendant argues that Dr. Everette's "diagnosis" of the child's sexual abuse was based solely on Rockwell-Flick's interview with the child.

The trial court allowed Dr. Everette to testify as an expert on child sexual abuse. An expert may testify about her opinion so long as her opinion is relevant, helpful to the jury, and based on an adequate scientific foundation. N.C.R. Evid. 702 and 705; *State v. Goode,* 341 N.C. 513, 461 S.E.2d 631 (1995) (adopting *Daubert v. Merrill Dow,* 509 U.S. 579, 125 L. Ed. 2d 469 (1993)). The defendant argues that Dr. Everette's opinion that the child was sexually abused lacked a proper foundation and should not have been admitted. We agree with this assertion.

The testimony offered by Dr. Everette is similar to testimony offered by two doctors in *State v. Trent,* 320 N.C. 610, 359 S.E.2d 463 (1987) and *State v. Parker,* 111 N.C. App. 359, 432 S.E.2d 705 (1993). In both of those cases, a doctor conducted an interview and a physical examination of a child who claimed she had been abused. In both cases, the physical examination revealed no evidence that the child had been sexually abused. But in both cases, the doctors "diagnosed" the children as victims of sexual abuse based solely on the children's statements that they had been abused. Our Supreme Court in *Trent* and this Court in *Parker* found that this opinion testimony lacked a proper foundation and should not have been admitted.

In the case at bar, Dr. Everette testified that she completed a thorough physical examination of the child and tested her for a variety of sexually transmitted diseases. The child's body showed no signs of abuse—no scars, no enlarged vaginal opening, no missing or torn hymen, etc.—and the tests for disease all came back negative. Yet Dr. Everette opined that the child was the victim of sexual abuse, which opinion was based entirely on statements made by the child to Rockwell-Flick. In fact, the defendant asked Dr. Everette, "the only thing that leads you to believe it's sexual abuse is what the child told Ms. Flick?" Dr. Everette answered "Correct." We need not address the legitimacy of Rockwell-Flick's methods or findings to hold that Dr. Everette's "diagnosis" was improperly admitted.

The defendant is entitled to a new trial if there is a reasonable possibility that had the error not been committed, a different result would have been reached. N.C. Gen. Stat. § 15A-1443(a) (2000). Like the doctors' testimony in *Trent* and *Parker,* we find that Dr. Everette's testimony most likely resulted in a different result than would have been reached otherwise. Further, Dr. Everette did not base her opinion on what the child said, but on Rockwell-Flick's rendition of what happened to the child.

In conclusion, we hold that the defendant is entitled to a new trial upon his jury conviction on the charge of taking indecent liberties for which he received an active sentence of 16 to 20 months imprisonment. However, his plea and conviction on a second charge of taking indecent liberties with a minor resulting in a sentence of seven years of probation must stand. N.C. Gen. Stat. § 15A-1444; N.C.R. App. P. 10 and 28.

No. 97 CRS 12310A—New Trial.

No. 97 CRS 12988—No Error.

Judges LEWIS and HUNTER concur.