STATE OF NORTH CAROLINA v. ANDREW CHANDLER, JR. A/K/A
JUNIOR CHANDLER

No. 298PA09

(Filed 27 August 2010)

**Evidence— expert testimony—child sexual abuse**

The trial court erred by granting defendant's motion for appropriate relief under N.C.G.S. § 15A-1415(b)(7) based on an alleged significant change in the law pertaining to the admissibility of expert opinion evidence in child sexual abuse cases since the time of defendant's trial and appeal because: (1) there has been no significant change in the law regarding admissibility of expert testimony in child sexual abuse cases, and the rule has remained constant that before expert testimony may be admitted, an adequate foundation must be laid; (2) for expert testimony presenting a definitive diagnosis of sexual abuse, an adequate foundation requires supporting physical evidence of the abuse; and (3) our Supreme Court did not need to consider retroactive application of such a change since it concluded there has been no significant change in the law.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review a judgment on motion for appropriate relief entered on 31 March 2008 by Judge C. Philip Ginn in Superior Court, Buncombe County, or, in the alternative, to remand the matter to the Court of Appeals for review of the issues presented. Heard in the Supreme Court 23 March 2010.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State-appellant.*

*Mark Montgomery for defendant-appellee.*

TIMMONS-GOODSON, Justice.

In this appeal we determine there has been no "significant change" in the law regarding admissibility of expert testimony in child sexual abuse cases since the time of defendant's trial and appeal. Thus, we hold that defendant is not entitled to the relief he sought pursuant to the retroactivity rule set forth in N.C.G.S. § 15A-1415(b)(7). We therefore reverse the judgment of the trial court.

## Background

Defendant was convicted in 1987 of five counts of first-degree sexual offense, six counts of taking indecent liberties with a child, and one count of crime against nature in a sexual abuse case involving seven preschool children. *State v. Chandler*, 324 N.C. 172, 174-75, 178, 376 S.E.2d 728, 730-31, 732 (1989). This Court found no error in defendant's convictions. *Id.* at 190, 376 S.E.2d at 739. On 30 March 2007, defendant filed a motion for appropriate relief under N.C.G.S. § 15A-1415(b)(7) in Superior Court, Madison County,[1] contending there had been a significant change in the law pertaining to the admissibility of expert opinion evidence in child sexual abuse cases since the time of his trial and appeal. Defendant argued the law previously allowed an expert to testify that a child was in fact sexually abused absent physical evidence of abuse, but that, since the time of his trial and appeal, such evidence had become inadmissible. Defendant further contended this change in the law was required to be retroactively applied to his case and that the admission of erroneously admitted expert opinion evidence had prejudiced his case.

The trial court agreed with defendant in part. The trial court found that "[a]t the time of the defendant's trial and appeal, testimony by a qualified medical expert that a child has been abused was admissible without physical evidence of abuse being determined" but that "[s]ubsequent to the defendant's trial and appeal, the appellate courts have reconsidered this issue." The trial court believed the cases of *State v. Stancil*, 355 N.C. 266, 559 S.E.2d 788 (2002) (per curiam), *State v. Ewell*, 168 N.C. App. 98, 606 S.E.2d 914, *disc. rev. denied*, 359 N.C. 412, 612 S.E.2d 326 (2005), and *State v. Couser*, 163 N.C. App. 727, 594 S.E.2d 420 (2004), significantly changed the law such that "expert testimony that a child has been abused is [now] inadmissible at least where there is no physical evidence of abuse."

The trial court then examined the expert testimony presented at defendant's trial and the physical evidence supporting the expert testimony. Because there was significant physical evidence of sexual abuse as to most of the victims, the trial court determined the expert testimony regarding those children had been properly admitted. However, with regard to one of the victims, "Brandon,"[2] the trial

---

1. Although properly initiated in Madison County, where defendant was originally indicted, the motion for appropriate relief was transferred to Buncombe County, where judgment was originally entered in defendant's case.

2. We use this pseudonym to protect the identity of the child victim.

court found there was "no physical evidence of abuse which could have been used to assist in the formulation of the opinions of the state's expert witnesses" and there was "a reasonable likelihood that, without the testimony of the state's expert witnesses in regard to the victim, [Brandon], that he had been sexually abused, the jury would have had a reasonable doubt as to the truthfulness of the trial testimony of this victim."

The trial court concluded that "[s]ince the trial and conviction of the defendant there has been a significant change in the law favorable to the defendant in that the appellate courts of North Carolina have held that opinion evidence from an expert as to the existence of abuse is not now admissible without significant physical evidence of abuse." The trial court determined defendant was therefore entitled to a new trial with regard to the convictions involving the victim Brandon, and it set aside those convictions accordingly.[3] The trial court denied defendant's motion for appropriate relief as to the convictions related to the other victims, but it determined that, because two of those first-degree sexual offense convictions were consolidated with defendant's conviction for sentencing purposes, defendant was entitled to a new sentencing hearing "to correct the record and to determine, in the Court's discretion, the relationship of the sentence originally imposed in the matters of [the two first-degree sexual offense convictions involving other victims] to the other original sentences imposed by the trial court." On 30 June 2008, the State filed a petition for writ of certiorari at the Court of Appeals seeking review of the trial court's order. The Court of Appeals first allowed, then later dismissed the State's petition. This Court allowed the State's petition for writ of certiorari on 10 December 2009.

## Analysis

The State asserts the trial court erred in granting defendant's motion for appropriate relief pursuant to N.C.G.S. § 15A-1415(b)(7). Section 15A-1415(b)(7) permits the trial court to grant a motion for appropriate relief when "[t]here has been a significant change in law, either substantive or procedural, applied in the proceedings leading to the defendant's conviction or sentence, and retroactive application of the changed legal standard is required." N.C.G.S. § 15A-1415(b)(7)

---

3. Two convictions and judgments involve Brandon. Defendant's first conviction involving Brandon, first-degree sexual offense, was consolidated with two identical convictions related to other children for purposes of sentencing defendant to one of his life terms. The other conviction was for indecent liberties with Brandon, for which defendant received a consecutive three-year term.

STATE v. CHANDLER

[364 N.C. 313 (2010)]

(2009). Thus, the issue this Court must decide is whether there has been a significant change in the law in favor of defendant requiring retroactive application.

To determine whether there has been a "significant change" in the law pertaining to admissibility of expert opinion testimony in child sexual abuse cases, we must first examine the law in effect at the time of defendant's trial and appeal in 1987 and 1988. Rule 702 of the North Carolina Rules of Evidence governs the admissibility of expert testimony and provides, in pertinent part, that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." N.C.G.S. § 8C-1, Rule 702 (2009). "Thus, in order for one qualified as an expert to present an opinion based upon his specialized knowledge, his opinion must assist the trier of fact." *State v. Trent*, 320 N.C. 610, 614, 359 S.E.2d 463, 465 (1987) (citing *State v. Wilkerson*, 295 N.C. 559, 568-69, 247 S.E.2d 905, 911 (1978)).

In *Trent* the defendant was convicted of first-degree rape and taking indecent liberties with a minor. *Id.* at 611-12, 359 S.E.2d at 464. The victim told the examining pediatrician that defendant had sexual intercourse with her. *Id.* at 613, 359 S.E.2d at 465. At trial the pediatrician testified over the defendant's objections that the victim had been sexually abused. *Id.* The pediatrician stated he based his diagnosis upon the history given to him by the victim, as well as a pelvic examination, which revealed that the victim's hymen was not intact. *Id.* However, the pelvic examination, which was conducted four years after the alleged abuse occurred, found "no lesions, tears, abrasions, bleeding or otherwise abnormal conditions." *Id.* The pediatrician acknowledged that the condition of the hymen would justify a conclusion that the victim had been sexually active but would not by itself support a diagnosis of abuse. *Id.* at 614, 359 S.E.2d at 465-66.

Upon review, the Court in *Trent* held the trial·court erred in admitting the pediatrician's testimony. *Id.* at 614-15, 359 S.E.2d at 465-66. We explained that when

determining whether expert medical opinion is to be admitted into evidence the inquiry should be . . . whether the opinion expressed is really one based on the special·expertise of the expert, that is, whether the witness because of his expertise is in

a better position to have an opinion on the subject than is the trier of fact.

*Id.* at 614, 359 S.E.2d at 465 (quoting *Wilkerson*, 295 N.C. at 568-69, 247 S.E.2d at 911 (alteration in original)). Because the pediatrician's diagnosis was based on inconclusive physical evidence, there was "nothing in the record to support a conclusion that he was in a better position than the jury to determine whether the victim was sexually abused." *Id.* at 614, 359 S.E.2d at 466. The State therefore failed to establish "a sufficient foundation to show that the opinion expressed by [the pediatrician] was really based upon his special expertise, or stated differently, that he was in a better position than the jury to have an opinion on the subject." *Id.* Because admission of the expert testimony had prejudiced the defendant, we granted him a new trial. 320 N.C. at 615, 359 S.E.2d at 466.

Thus, under the law established in *Wilkerson*, later set forth by Rule 702 of the North Carolina Rules of Evidence, and subsequently interpreted by this Court in *Trent*, expert opinion evidence must be based upon the expert's specialized knowledge in order to assist the trier of fact. *Trent* specifically addressed the requirement that physical evidence support a definitive diagnosis of sexual abuse. Rule 702 and *Trent* were established law at the time of defendant's direct appeal to this Court. *Cf. State v. Aguallo*, 318 N.C. 590, 597-600, 350 S.E.2d 76, 81-82 (1986) (holding that an expert's testimony that the child victim in a sexual abuse case was "believable" was inadmissible credibility evidence under Rules 608 and 405 and was prejudicial error); *State v. Keen*, 309 N.C. 158, 162-64, 305 S.E.2d 535, 537-38 (1983) (decided before effective date of Rule 702 and citing, *inter alia, Wilkerson*, in holding that the trial court erred in allowing an expert to improperly opine that the victim had in fact been sexually attacked, as opposed to properly testifying that the victim exhibited symptoms consistent with a sexual attack). Indeed, in his direct appeal to this Court, defendant assigned as error the lack of proper foundation for the expert testimony in question here, which demonstrates his awareness of the potential merit of the issue. Defendant chose not to pursue that argument in his brief to this Court, however, and we therefore did not address whether the State laid a proper foundation for admission of the expert testimony.[4]

---

4. We note that defendant amended his motion for appropriate relief to include a claim for ineffective assistance of counsel based on his original appellate counsel's failure to pursue this argument on direct appeal. The trial court did not rule on this claim, however, and it is therefore not presently before us on appeal.

**STATE v. CHANDLER**

[364 N.C. 313 (2010)]

Defendant nevertheless argues, and the trial court agreed, that the law began to "change dramatically" in 2000 with decisions such as *State v. Bates*, 140 N.C. App. 743, 538 S.E.2d 597 (2000), *disc. rev. denied*, 353 N.C. 383, 547 S.E.2d 20 (2001), and *State v. Stancil*, 355 N.C. 266, 559 S.E.2d 788 (2002) (per curiam). In *Bates* the Court of Appeals determined that the expert's diagnosis of sexual abuse and resulting testimony lacked a proper foundation when a physical examination of the victim showed no signs of abuse. 140 N.C. App. at 747-48, 538 S.E.2d at 600-01. And in *Stancil* this Court said:

> In a sexual offense prosecution involving a child victim, the trial court should not admit expert opinion that sexual abuse has *in fact* occurred because, absent physical evidence supporting a diagnosis of sexual abuse, such. testimony is an impermissible opinion regarding the victim's credibility. *State v. Trent*, 320 N.C. 610, 359 S.E.2d 463 (1987); *State v. Grover*, 142 N.C. App. 411, 543 S.E.2d 179, *aff'd per curiam*, 354 N.C. 354, 553 S.E.2d 679 (2001). However, an expert witness may testify, upon a proper foundation, as to the profiles of sexually abused children and whether a particular complainant has symptoms or characteristics consistent therewith.

355 N.C. at 266-67, 559 S.E.2d at 789 (citations omitted).

While defendant contends that *Stancil* reflects a substantial shift in legal analysis, that opinion did not modify or overrule any previous decisions. *Cf. State v. Hinnant*, 351 N.C. 277, 287, 523 S.E.2d 663, 669 (2000) (expressly overruling previous inconsistent decisions but limiting retroactive application of the holding to "trials commencing on or after the certification date of [the] opinion or to cases on direct appeal"). *Stancil* instead relied directly on *Trent*, as did *Bates*. *See Stancil*, 355 N.C. at 266-67, 559 S.E.2d at 789; *Bates*, 140 N.C. App. at 748, 538 S.E.2d at 601. Similarly, the decisions in *Ewell* and *Couser*, which the trial court found contributed to this purported "significant change" in the law, also cited *Trent* in support of the proposition that physical evidence must support a definitive diagnosis of sexual abuse. *See Ewell*, 168 N.C. App. at 103, 606 S.E.2d at 918; *Couser*, 163 N.C. App. at 730, 594 S.E.2d at 422-23. Thus, rather than effecting a "significant change" in the law, *Stancil*, *Bates*, *Couser* and *Ewell* simply applied the existing law on expert opinion evidence as stated in *Trent*.

Whether sufficient evidence supports expert testimony pertaining to sexual abuse is a highly fact-specific inquiry. *See State v.*

*Hammett*, 361 N.C. 92, 95-97, 637 S.E.2d 518, 521-22 (2006). Different fact patterns may yield different results. We agree with the State that "reasonable jurists continue to disagree over how or whether the rule discussed in *Trent* applies to different situations." However, the rule has remained constant. Before expert testimony may be admitted, an adequate foundation must be laid. *Trent*, 320 N.C. at 614, 359 S.E.2d at 465-66. And for expert testimony presenting a definitive diagnosis of sexual abuse, an adequate foundation requires supporting physical evidence of the abuse. *Id.*; *Stancil*, 355 N.C. at 266-67, 559 S.E.2d at 789. We therefore conclude there has been no significant change in the law as enumerated in and required by N.C.G.S. § 15A-1415(b)(7). Because we conclude there has been no significant change in the law, we need not consider whether retroactive application of such a change, if it existed, would be required.

### Conclusion

We hold there has been no "significant change" in the law pertaining to the admissibility of expert opinions in child sexual abuse cases so as to entitle defendant to relief under N.C.G.S. § 15A-1415(b)(7). Contrary to the trial court's findings and conclusions, the decision in *Stancil* was not a significant change in the law, but merely an application of this Court's existing case law on expert opinion evidence. Accordingly, the trial court erred in allowing defendant's motion for appropriate relief. Therefore, the judgment of the trial court is reversed and defendant's convictions and sentences at issue are reinstated.

REVERSED.