IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-45

 No. COA20-243

 Filed 2 March 2021

 Johnston County, No. 18 CRS 53952

 STATE OF NORTH CAROLINA

 v.

 EDWIN GUILLERMO PERDOMO

 Appeal by defendant from judgment entered 5 August 2019 by Judge Keith O.

 Gregory in Johnston County Superior Court. Heard in the Court of Appeals 13

 January 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Ellen A.
 Newby, for the State.

 Warren D. Hynson for defendant-appellant.

 ZACHARY, Judge.

¶1 Defendant Edwin Guillermo Perdomo appeals from the judgment entered upon

 a jury’s verdict finding him guilty of taking indecent liberties with a child. After

 careful review, we discern no prejudicial error in the judgment entered upon

 Defendant’s conviction.

 Background
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

¶2 In October 2013, Cesar Perdomo moved from Honduras to Johnston County,

 North Carolina, with his wife and eight-year-old daughter, A.P.1 They lived with

 Cesar’s brother, Defendant, for approximately seven months until they moved into

 their own home nearby. Cesar, Defendant, and their sister were close, and their

 families would often visit and travel together.

¶3 In September 2017, 13-year-old A.P. told a friend, her soccer coach, the school

 social worker, and the school principal that Defendant was behaving in a sexually

 inappropriate manner toward her. On 27 September 2017, school personnel called

 A.P.’s mother and asked her to come to the school. In a meeting with the principal

 and two other school personnel, A.P.’s mother learned that A.P. had told the school

 social worker that Defendant had “touched her.”

¶4 That day, school officials also notified the Johnston County Department of

 Social Services (“DSS”) about A.P.’s allegations. On 28 September 2017, a DSS social

 worker began investigating. DSS scheduled a Child Medical Evaluation (“CME”). The

 Selma Police Department also became involved on 28 September 2017, after A.P.

 evinced an intent to harm herself. Dr. Beth Harold of the Child Abuse and Neglect

 Medical Evaluation Clinic (“CANMEC”) conducted A.P.’s CME on 16 November 2017,

 1 Initials are used to protect the identity of the juvenile.
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 and Detective Johnathan Solomon then initiated his criminal investigation of A.P.’s

 allegations.

¶5 On 6 August 2018, a Johnston County grand jury returned a true bill of

 indictment charging Defendant with statutory rape of a person 15 years of age or

 younger and taking indecent liberties with a child. On 29 July 2019, the case came

 on for trial before the Honorable Keith O. Gregory in Johnston County Superior

 Court.

¶6 On 5 August 2019, the jury returned its verdicts, finding Defendant guilty of

 taking indecent liberties with a child, but not guilty of statutory rape. The trial court

 sentenced Defendant to a term of 16 to 29 months in the custody of the North Carolina

 Division of Adult Correction. The trial court also ordered Defendant to register as a

 sex offender for a period of 30 years upon his release from prison, and prohibited any

 contact by Defendant with A.P. for the remainder of Defendant’s life. Defendant gave

 oral notice of appeal in open court.

 Discussion

¶7 On appeal, Defendant contends that (1) the trial court committed plain error

 by permitting the State’s expert to vouch for A.P.’s credibility; (2) the trial court

 committed structural error by closing the courtroom and locking the doors during

 delivery of the jury instructions; and (3) Defendant received ineffective assistance of

 counsel at trial.
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 I.

¶8 Defendant first argues that the trial court committed plain error by permitting

 the State’s expert, Dr. Harold, to vouch for A.P.’s credibility by impermissibly

 testifying that A.P.’s medical history “was consistent with child sexual abuse” and

 that her “physical exam would be consistent with a child who had disclosed child

 sexual abuse.” For the reasons that follow, we disagree.

 A. Standard of Review

¶9 “In criminal cases, an issue that was not preserved by objection noted at trial

 and that is not deemed preserved . . . nevertheless may be made the basis of an issue

 presented on appeal when the judicial action questioned is specifically and distinctly

 contended to amount to plain error.” N.C.R. App. P. 10(a)(4). Because Defendant’s

 counsel failed to object to the challenged portions of Dr. Harold’s trial testimony,

 we review his challenge on appeal for plain error. To
 establish plain error defendant must show that a
 fundamental error occurred at his trial and that the error
 had a probable impact on the jury’s finding that the
 defendant was guilty. A fundamental error is one that
 seriously affects the fairness, integrity or public reputation
 of judicial proceedings.

 State v. Warden, ___ N.C. ___, ___, 852 S.E.2d 184, 187 (2020) (citations and internal

 quotation marks omitted).

 B. Analysis
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

¶ 10 “It is well settled that expert opinion testimony is not admissible to establish

 the credibility of the victim as a witness.” State v. Frady, 228 N.C. App. 682, 685, 747

 S.E.2d 164, 167 (citation and internal quotation marks omitted), disc. review denied,

 367 N.C. 273, 752 S.E.2d 465 (2013). In cases involving the alleged sexual abuse of a

 child,

 the trial court should not admit expert opinion that sexual
 abuse has in fact occurred because, absent physical
 evidence supporting a diagnosis of sexual abuse, such
 testimony is an impermissible opinion regarding the
 victim’s credibility. However, an expert witness may
 testify, upon a proper foundation, as to the profiles of
 sexually abused children and whether a particular
 complainant has symptoms or characteristics consistent
 therewith.

 State v. Stancil, 355 N.C. 266, 266–67, 559 S.E.2d 788, 789 (2002) (per curiam)

 (citations omitted). “This rule permits the introduction of expert testimony only when

 the testimony is based on the special expertise of the expert, who because of his or

 her expertise is in a better position to have an opinion on the subject than is the trier

 of fact.” Warden, ___ N.C. at ___, 852 S.E.2d at 187–88 (citation and internal

 quotation marks omitted).

¶ 11 Defendant specifically challenges two portions of Dr. Harold’s testimony from

 the State’s case-in-chief:

 Q. Would you say, Doctor, that [A.P.]’s disclosure or
 medical history to [the social worker] was that -- would you
 say that that was consistent with child sexual abuse?
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 A. This child gave [the social worker] a history that was
 consistent with child sexual abuse.

 ....

 Q. So even despite her disclosure of penile penetration, this
 physical exam is consistent and not inconsistent with that
 disclosure; is that right?

 A. This physical exam would be consistent with a child who
 had disclosed child sexual abuse.

 (Emphases added).

¶ 12 Defendant challenges two aspects of this testimony: Dr. Harold’s use of the

 phrase “consistent with” and her use of the word “disclosed.” Defendant cites dicta

 from a recent opinion of this Court to essentially argue that, in the absence of physical

 evidence of abuse, Dr. Harold’s use of the phrase “consistent with” amounted to

 vouching per se. See State v. Davis, 265 N.C. App. 512, 517, 828 S.E.2d 570, 574, disc.

 review denied, 372 N.C. 709, 830 S.E.2d 839 (2019) (“While it is impermissible for an

 expert to offer an opinion that a lack of physical evidence is consistent with sexual

 abuse, it may [be] permissible for the State to offer expert testimony that the lack of

 physical evidence does not necessarily rule out that sexual abuse may have

 occurred.”). Similarly, Defendant cites a recent line of our jurisprudence that wrestled

 with whether the use of the word “disclose” or its variants amounted to vouching. See,

 e.g., State v. Betts, 267 N.C. App. 272, 281, 833 S.E.2d 41, 47 (2019) (“There is nothing
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 about the use of the term ‘disclose’, standing alone, that conveys believability or

 credibility.”), appeal pending based on dissent, ___ N.C. ___, 850 S.E.2d 348 (2020).

¶ 13 However, we need not address such word- or phrase-specific arguments, as our

 Supreme Court has explained that “[w]hether sufficient evidence supports expert

 testimony pertaining to sexual abuse is a highly fact-specific inquiry. Different fact

 patterns may yield different results.” State v. Chandler, 364 N.C. 313, 318–19, 697

 S.E.2d 327, 331 (2010) (citation omitted). For expert testimony to amount to vouching

 for a witness’s credibility, that expert testimony must present “a definitive diagnosis

 of sexual abuse” in the absence of “supporting physical evidence of the abuse.” Id. at

 319, 697 S.E.2d at 331. Viewed in full context, it is clear that the specific challenged

 words and phrases from Dr. Harold’s testimony did not present “a definitive diagnosis

 of sexual abuse.” See id.

¶ 14 Immediately prior to the prosecutor’s question that prompted Dr. Harold’s first

 challenged answer, Dr. Harold explained:

 [Y]ou cannot tell from a medical exam whether a child has
 been sexually abused or not. The most important aspect of
 a child medical evaluation for a child who is undergoing a
 sexual abuse evaluation is the medical history that that
 child gives to whomever they give the history to. In this
 case, the history was provided to [the social worker].

¶ 15 This led directly to the first exchange that Defendant now challenges:
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 Q. Would you say, Doctor, that [A.P.]’s disclosure or
 medical history to [the social worker] was that -- would you
 say that that was consistent with child sexual abuse?

 A. This child gave [the social worker] a history that was
 consistent with child sexual abuse.

 (Emphasis added).

¶ 16 The prosecutor then invited Dr. Harold to “talk about [the] medical exam in

 this particular case.” Dr. Harold thoroughly detailed her procedure for the exam and

 her findings, which led to the following exchange, including the second portion of

 testimony that Defendant challenges on appeal:

 Q. So there were no physical findings in this particular
 case?

 A. No physical findings.

 Q. Did that surprise you?

 A. Absolutely not.

 Q. Okay. For the same reasons you just testified here
 before?

 A. Yes, sir.

 Q. So even despite her disclosure of penile penetration, this
 physical exam is consistent and not inconsistent with that
 disclosure; is that right?

 A. This physical exam would be consistent with a child who
 had disclosed child sexual abuse.

 Q. Did that conclude your examination of her?
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 A. Yes.

¶ 17 Our review of the full testimony, in proper context and beyond the isolated

 excerpts that Defendant challenges on appeal, reveals that Dr. Harold’s statements

 were “based on [her] special expertise [as an] expert, who because of . . . her expertise

 [was] in a better position to have an opinion on the subject than” the jury. Warden,

 ___ N.C. at ___, 852 S.E.2d at 187–88 (citation and internal quotation marks omitted).

 Rather than vouching for A.P.’s credibility, as Defendant claims, Dr. Harold

 appropriately provided the jury with an opinion, based on her expertise, that a lack

 of physical findings of sexual abuse does not generally correlate with an absence of

 sexual abuse.

¶ 18 Indeed, our courts have repeatedly held that a properly qualified expert may

 “testify concerning the symptoms and characteristics of sexually abused children and

 . . . state [the expert’s] opinion[ ] that the symptoms exhibited by the victim were

 consistent with sexual or physical abuse.” State v. Kennedy, 320 N.C. 20, 31–32, 357

 S.E.2d 359, 366 (1987) (emphasis added); accord State v. Aguallo, 322 N.C. 818, 822–

 23, 370 S.E.2d 676, 678 (1988); State v. Grover, 142 N.C. App. 411, 419, 543 S.E.2d

 179, 184, aff’d per curiam, 354 N.C. 354, 553 S.E.2d 679 (2001). Our Supreme Court

 has explained that this is “a proper topic for expert opinion” as it “could help the jury
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 understand the behavior patterns of sexually abused children and assist it in

 assessing the credibility of the victim.” Kennedy, 320 N.C. at 32, 357 S.E.2d at 366.

¶ 19 In Warden, where “there was no physical evidence that [the child] was sexually

 abused, it was error to permit the DSS investigator to testify that sexual abuse had

 in fact occurred.” ___ N.C. at ___, 852 S.E.2d at 188. By contrast, Dr. Harold’s

 testimony, in its full context, is clearly distinct from offering an opinion that the child

 in question has or has not been abused, or is or is not credible—issues that are

 properly decided by the jury. See, e.g., State v. Worley, 268 N.C. App. 300, 304, 836

 S.E.2d 278, 282 (2019), disc. review denied, 375 N.C. 287, 846 S.E.2d 285 (2020).

¶ 20 Based on our courts’ longstanding jurisprudence on this issue, and in light of

 our Supreme Court’s recent decision in Warden, we discern no error, let alone plain

 error, in the trial court’s admission of Dr. Harold’s expert testimony. Defendant’s

 argument is overruled.

 II.

¶ 21 Defendant next argues that, by “closing . . . the courtroom immediately prior

 to the jury charge[,]” the trial court committed structural error and “violated [his]

 constitutional right to a public trial[.]” However, he concedes that his counsel did not

 object to this procedure. Accordingly, Defendant requests that we invoke Appellate

 Rule 2 to review this purported constitutional error. We decline to do so. See State v.

 Dean, 196 N.C. App. 180, 188, 674 S.E.2d 453, 459 (“Defendant never presented any
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 constitutional arguments to the trial court, and we will not address such arguments

 for the first time on appeal.”), appeal dismissed and disc. review denied, 363 N.C. 376,

 679 S.E.2d 139 (2009); see also State v. Register, 206 N.C. App. 629, 634, 698 S.E.2d

 464, 469 (2010).

¶ 22 However, even assuming, arguendo, that this issue is properly before us,

 Defendant has not shown that the trial court’s conduct in this case amounted to a

 closure of the courtroom in the constitutional sense. Before the jury instructions, and

 without objection from either Defendant or the prosecutor, the trial court stated:

 I’m going to do the jury instructions now, but I don’t want
 people in and out of the courtroom while I’m doing that. So
 people on the State side, if they want to come in now, they
 can come in now. If they don’t, fine. Same for the defense
 because I don’t want people in and out. I think the sheriff
 is going to lock the doors. If people on the defense side, if
 they want to come in, they can come in, but after that,
 Sheriff, if you will close the courtroom.

 [COURTROOM CLOSED]

 The court also instructed those assembled in the courtroom: “Once again, there’s no

 outbursts. Please leave now if that’s the issue. And there’s no in and out. Make sure

 your cell phones are turned off or on vibrate.” The trial court’s actions in this case

 would appear to be squarely within its statutory and inherent authority to control

 the courtroom.
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

¶ 23 A trial court judge has the inherent authority to “remove any person other than

 a defendant from the courtroom when that person’s conduct disrupts the conduct of

 the trial.” Dean, 196 N.C. App. at 189, 674 S.E.2d at 460; see also N.C. Gen. Stat. §

 15A-1033 (2019). The trial court may also “impose reasonable limitations on access

 to the courtroom when necessary to ensure the orderliness of courtroom proceedings

 or the safety of persons present.” N.C. Gen. Stat. § 15A-1034(a).

¶ 24 Further, our courts have repeatedly upheld a trial court’s imposition of

 reasonable limitations of movement in and out of the courtroom where such limits

 are established to minimize jury distractions. In Dean, “we conclude[d] that the

 removal of the spectators [did] not entitle [the d]efendant to a new trial” where “jurors

 were aware that [a co-defendant] was present in the courtroom” and the trial court

 knew “that jurors were concerned for their safety[,] . . . that jurors during the first

 trial were intimidated and afraid, and that at least some of those feelings were

 engendered by the presence and conduct of people in the gallery.” 196 N.C. App. at

 190, 674 S.E.2d at 460. In Register, “[t]he trial court chose to exclude everyone,”

 except the mother of the 13-year-old victim testifying against the defendant, because

 “the trial court was very concerned about the potential for outbursts or inappropriate

 reactions by supporters of both [the] defendant and the alleged victim, and the court

 in fact admonished family members at the start of the trial to control their reactions.”

 206 N.C. App. at 635, 698 S.E.2d at 469. And in State v. Clark, the trial court “warned
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 [spectators] that if they wished to leave the courtroom, they should do so immediately,

 for they would not be allowed to do so after closing arguments began, barring an

 emergency.” 324 N.C. 146, 167, 377 S.E.2d 54, 66 (1989).

¶ 25 The trial court appears to have acted within its statutory and inherent

 authority to control the courtroom. Thus, we decline to invoke Rule 2 and dismiss

 Defendant’s constitutional argument as unpreserved.

 III.

¶ 26 Lastly, Defendant argues that he was prejudiced at trial by ineffective

 assistance of counsel. After careful review, we disagree.

¶ 27 “A defendant’s right to counsel, as guaranteed by the Sixth Amendment to the

 United States Constitution, includes the right to effective assistance of counsel.” State

 v. Todd, 369 N.C. 707, 710, 799 S.E.2d 834, 837 (2017). In order to demonstrate

 ineffective assistance of counsel,

 a defendant must first show that his counsel’s performance
 was deficient and then that counsel’s deficient performance
 prejudiced his defense. Deficient performance may be
 established by showing that counsel’s representation fell
 below an objective standard of reasonableness. Generally,
 to establish prejudice, a defendant must show that there is
 a reasonable probability that, but for counsel’s
 unprofessional errors, the result of the proceeding would
 have been different. A reasonable probability is a
 probability sufficient to undermine confidence in the
 outcome.
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

 State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and internal

 quotation marks omitted), cert. denied, 549 U.S. 867, 166 L. Ed. 2d 116 (2006).

¶ 28 Our Supreme Court has held that “if a reviewing court can determine at the

 outset that there is no reasonable probability that in the absence of counsel’s alleged

 errors the result of the proceeding would have been different, then the court need not

 determine whether counsel’s performance was actually deficient.” State v. Braswell,

 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

¶ 29 In the case at bar, Defendant argues that his counsel “failed in multiple

 instances to object to plainly impermissible testimony by numerous State’s witnesses

 vouching for A.P., or otherwise consented to such inadmissible evidence, when there

 could be no reasonable strategic basis for doing so.” Defendant specifically lists four

 purported errors, including counsel’s failure to object to Dr. Harold’s testimony that

 we addressed in section I of this opinion, which testimony, as previously discussed,

 was not error. The second alleged error is defense counsel’s consent to the amendment

 of one of the State’s exhibits to read “CANMEC concludes the examination results

 are consistent with sexual abuse.” (Emphasis added). Again, as explained in section I

 regarding Dr. Harold’s testimony, there was no error in the use of the phrase

 “consistent with.” Accordingly, with regard to these two alleged errors, Defendant

 cannot “show that his counsel’s performance was deficient[.]” Allen, 360 N.C. at 316,

 626 S.E.2d at 286.
 STATE V. PERDOMO

 2021-NCCOA-45

 Opinion of the Court

¶ 30 Defendant’s remaining arguments concern defense counsel’s failure to object

 to allegedly inadmissible hearsay, and counsel’s consent to the admission of an audio

 recording of an interview with one of A.P.’s teachers. We need not analyze whether

 these were “unprofessional errors,” as Defendant has not shown—given the

 remaining unchallenged evidence as well as the challenged evidence that we have

 held was not erroneously admitted—that either of these alleged errors give rise to a

 “reasonable probability that, but for counsel’s unprofessional errors, the result of the

 proceeding would have been different.” Id. Accordingly, Defendant’s arguments are

 overruled.

 Conclusion

¶ 31 For the foregoing reasons, Defendant received a fair trial, free from prejudicial

 error.

 NO ERROR.

 Judges DIETZ and COLLINS concur.