STATE OF NORTH CAROLINA v. KERMIT HONEYCUTT

No. 7912SC999

(Filed 6 May 1980)

Criminal Law § 35— declarations against penal interest—nonretroactivity of decision

The decision of *State v. Haywood*, 295 N.C. 709, which changed a rule of evidence by holding that declarations against penal interest are now admissible in evidence under certain conditions, is not to be applied retroactively but is to be applied only to trials begun after 28 November 1978, the date of that decision.

ON certiorari to review the Order of *Brewer, Judge*. Order entered 27 June 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals on 18 March 1980.

The defendant in this case was originally tried and convicted in September 1977 of assault with a deadly weapon inflicting serious injury. From a judgment sentencing him to ten years' imprisonment, he appealed to this Court, assigning as error the trial court's exclusion of an out-of-court comment allegedly made by a third party to the defendant's sister, which defendant claimed was against the penal interest of the declarant. He argued that his sister should have been allowed to testify as to the contents of the declaration. In a decision filed 20 June 1978 and reported at 37 N.C. App. 50, 245 S.E. 2d 376, we held, per Judge Parker, that the statement was properly excluded as hearsay since this State did not recognize declarations against penal interest as valid exceptions to the hearsay rule. Defendant's trial was found to be without error and his conviction was thus affirmed.

Thereafter, on 17 May 1979, defendant filed in the Superior Court a motion for appropriate relief "pursuant to N.C.G.S 15A-1411 et seq." As grounds for relief, he set out the following:

5. That the Supreme Court of North Carolina has now changed the rule of evidence which the . . . defendant carried forth as an issue to the North Carolina Court of Appeals and Chief Justice Susie Sharp has concluded that it is in the best interest of the administration of justice that declaration[s] against penal interest be admitted under certain stated conditions.

6. That the change in the rule of evidence is set forth in *State of North Carolina vs. Paul Austin Haywood*, [295 N.C. 709, 249 S.E. 2d 429, filed 28 November 1978] . . .

7. That the above is a significant change in the substantive law of the State of North Carolina as applicable to the proceedings leading to the defendant's conviction and sentence and retroactive application of the changed legal standard is required.

On 29 June 1979 Judge Brewer entered an Order allowing the defendant's motion and awarding him a new trial. On 3 October 1979 we allowed the State's petition for a writ of certiorari.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Blackwell, Thompson, Swaringen, Johnson & Thompson, by E. Lynn Johnson, for the defendant appellee.*

HEDRICK, Judge.

The State argues that Judge Brewer erred in granting the defendant's motion for appropriate relief and ordering a new trial for the reason that the change in evidentiary law announced by *State v. Haywood*, 295 N.C. 709, 249 S.E. 2d 429 (1978), upon which defendant based his motion and Judge Brewer relied for his decision, should be accorded prospective effect only.

Defendant specifically brought his motion for relief pursuant to G.S. § 15A-1415(b)(7) which provides grounds for relief from judgment at any time after verdict where "[t]here has been a significant change in law, either substantive or procedural, ap-

plied in the proceedings leading to the defendant's conviction or sentence, and retroactive application of the changed legal standard is required."

That the opinion of the Supreme Court in *Haywood* effected a change in the law of this State is not and could not be disputed. Prior to the decision, and dating as far back as the opinion of the Court per Chief Justice Ruffin in *State v. May*, 15 N.C. 328 (1833), we have ruled inadmissible for all purposes so-called declarations against penal interest, that is, extrajudicial confessions of a third person that he or she committed the crime for which the defendant is being tried. Chief Justice Sharp, speaking for the Court in November 1978, rejected the rule and concluded that "it is in the best interests of the administration of justice that declarations against penal interest be admitted" under stringent conditions which she thereafter set forth. *State v. Haywood, supra* at 730, 249 S.E. 2d at 442. The inquiry in the case now before us is simply whether retroactive application of the changed legal standard is required. That is, before the motion for appropriate relief can be available in this case, it must be found that *Haywood* requires retrospective application. Thus, we do not confront the question whether the facts of the instant case bring it within the conditions mandated by *Haywood*.

It is obvious without elaboration that we are dealing with a change in a rule of evidence, as the opinion in *Haywood* repeatedly notes. Although our inquiry does not necessarily end with that observation, we agree with the Attorney General that the relatively recent cases of *State v. Harris*, 281 N.C. 542, 189 S.E. 2d 249 (1972), and *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972), are relevant to and provide guidance for the decision in this case. In both *Harris* and *Daye*, the Court was faced with the question of whether to apply retroactively a change in an evidentiary rule announced some six months earlier in the case of *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971), which held that a witness, including the defendant in a criminal case, no longer could be cross-examined as to whether he had been indicted or was under indictment for a criminal offense other than the one for which he was then on trial. Justice Moore for the Court in *Harris* [filed the same day as the opinion of Justice (now Chief Justice) Branch for the Court in *Daye*] rejected the defendant's

contention that the change effected in *Williams* should be applied retroactively. He reasoned as follows:

> The change in the law that resulted from the *Williams* case was a change in a rule of evidence and affected no contractual or vested right of defendant. *Spencer v. Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598 (1952). The Court merely altered a rule of evidence which it had adopted some forty-four years ago. . . .

*State v. Harris, supra* at 549, 189 S.E. 2d at 253.

In thereafter concluding that the new rule of *Williams* would be applied prospectively only, Justice Moore was guided by a number of decisions of the United States Supreme Court, in particular *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967), a decision which we find especially enlightening in our analysis of the instant case. Six members of the *Stovall* Court agreed that a new evidentiary rule announced the same day, which required the exclusion of identification evidence tainted by exhibiting the accused to identifying witnesses in the absence of counsel, would not be given retroactive effect. Although the Court was convinced that the new exclusionary rule was justified "by the need to assure the integrity and reliability of our system of justice," its decision to apply the rule prospectively only was strengthened by "[t]he unusual force of the countervailing considerations." *Id.* at 299, 87 S.Ct. at 1971, 18 L.Ed. 2d at 1204-05. Most critically, the Court was persuaded against retroactive application by two factors: (1) the long-standing reliance of law enforcement authorities on the old rule, and (2) the potentially overwhelming disruption of and burden on the administration of the criminal justice system.

For more than a century, the law of this State held inadmissible hearsay statements against penal interest. We agree with the Attorney General that to give retroactive effect to the change in the law "could easily disrupt the orderly administration of our criminal law."

Our decision is bolstered by our belief that the change in evidentiary law effected by *Haywood* does not rise to the magnitude of a constitutional reform, such as a shift in the burden of proof or an alteration in constitutional guarantees, which most

likely would mandate retroactivity. *Cf. Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed. 2d 306 (1977). Indeed, Chief Justice Sharp noted in the *Haywood* decision that the case raised no constitutional issues. Neither did she intimate in any manner that the changed rule was to be retroactively applied. We do not think that the *Haywood* Court intended such a result. Nor do we believe that such a result is nonetheless required. It is our opinion, and we so hold, that the rule announced in *Haywood* applies only to trials begun after 28 November 1978, the effective date of that opinion.

For the foregoing reasons, we hold that the trial court erred in granting the defendant's motion for appropriate relief and ordering a new trial. His order entered 29 June 1979 is vacated.

Vacated.

Judges WEBB and WELLS concur.