STATE v. HARWOOD

[228 N.C. App. 478 (2013)]

STATE OF NORTH CAROLINA
v.
EDWARD JAY HARWOOD

No. COA12-1301

Filed 6 August 2013

1. **Appeal and Error—standard of review—purely legal—de novo**

   Appellate review was *de novo* where the ultimate issue to be resolved was purely legal on an appeal from the denial of a motion for appropriate relief.

2. **Appeal and Error—retroactive application of decision—motion for appropriate relief**

   The trial court did not err in a motion for appropriate relief from convictions for possession of firearms by a felon by concluding that *State v. Garris*, 191 N.C. App. 276, should not apply retroactively. A decision which merely resolves a previously undecided issue without either actually or implicitly overruling or modifying a prior decision cannot serve as the basis for an award of appropriate relief pursuant to N.C.G.S. § 15A-1415(b)(7).

3. **Constitutional Law—double jeopardy—waiver—guilty plea**

   Defendant waived the right to assert double jeopardy on direct appeal and in subsequent postconviction litigation by pleading guilty to the underlying charges of possession of a firearm by a felon.

Certiorari review of order entered 15 August 2012 by Judge Gary M. Gavenus in Buncombe County Superior Court. Heard in the Court of Appeals on 27 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

*The Law Office of Bruce T. Cunningham, Jr., by Amanda S. Zimmer, for Defendant-Appellant.*

ERVIN, Judge.

Defendant Edward Jay Harwood challenges an order denying a motion for appropriate relief in which he sought to have eighteen of the nineteen convictions for possession of a firearm by a felon resulting

from a plea of guilty which he entered on 24 July 2007 vacated. In his brief, Defendant argues that this Court should reverse the trial court's order and afford him relief from eighteen of his nineteen convictions on the basis that those convictions are inconsistent with our decision in *State v. Garris*, 191 N.C. App. 276, 663 S.E.2d 340, *disc. review denied*, 362 N.C. 684, 670 S.E.2d 907 (2008), which held that a defendant who had previously been convicted of a felony could only be convicted of and sentenced one time for the simultaneous possession of multiple firearms on a single occasion and on the grounds that, in light of *Garris*, the challenged judgments violate the state and federal constitutional provisions against placing a criminal defendant in jeopardy twice for the same offense. After careful consideration of Defendant's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

On 16 March 2007, agents from the Buncombe County Anticrime Taskforce went to Defendant's home in Fairview for the purpose of investigating complaints that Defendant had been selling marijuana and crack cocaine. As the agents approached his home, they encountered Defendant in his yard. Following a brief conversation with the agents, Defendant consented to a search of his residence. During the course of the ensuing search, Defendant told the agents that he had a small amount of marijuana in the home and showed it to them. At that point, Agent T.R. Goodridge asked Defendant if he had any weapons in the home. Although Defendant responded in the affirmative, he stated that he believed that he was legally entitled to have them in his possession. In reply, Agent Goodridge informed Defendant that, given his status as a convicted felon, he could not lawfully possess any firearms or ammunition. As a result, the investigating officers seized the marijuana and the nineteen firearms which they found in Defendant's residence. Agent Goodridge also cited Defendant for possessing marijuana.

On 23 March 2007, warrants for arrest were issued charging Defendant with nineteen counts of possession of a firearm by a felon. On 4 June 2007, the Buncombe County grand jury returned bills of indictment charging Defendant with nineteen counts of possession of a firearm by a felon. On 24 July 2007, Defendant entered a plea of guilty to nineteen counts of possession of a firearm by a felon and one count of misdemeanor possession of marijuana, with these guilty pleas having been tendered on the understanding that Defendant's convictions would be consolidated for judgment into "2 class G felonies." After accepting Defendant's guilty pleas, Judge Ronald K. Payne sentenced Defendant to

a term of 16 to 20 months imprisonment based upon his conviction for one count of possession of a firearm by a felon, suspended Defendant's active sentence for 30 months, and placed Defendant on supervised probation subject to a number of terms and conditions. In addition, Judge Payne consolidated Defendant's convictions for possession of marijuana and eighteen counts of possession of a firearm by a felon for judgment and sentenced Defendant to a consecutive term of 16 to 20 months imprisonment, with this sentence suspended for the same period and subject to the same terms and conditions as was the case with respect to Defendant's other conviction for possession of a firearm by a felon.

On 24 September 2007, Defendant was charged with violating the terms and conditions of his probation. At approximately the same time, Defendant was also charged with possession of cocaine with the intent to sell and deliver, maintaining a dwelling place for the purpose of using controlled substances, two counts of possession of a firearm by a felon, two counts of conspiracy to traffic in opium or heroin, four counts of trafficking in opium or heroin, possession of a Schedule IV controlled substance with the intent to sell or deliver, and having attained habitual felon status. On 4 February 2008, Defendant entered pleas of guilty to these additional charges and consented to the revocation of his probation and the activation of his suspended sentences on the condition that certain of his convictions would be consolidated for judgment, that he would be imprisoned for a term of least 102 to 132 months stemming from certain of these additional charges, that he would be sentenced to a concurrent term of at least 70 to 84 months for the remaining additional charges, and that his activated suspended sentences would be served concurrently with his sentences for these new convictions. Judge James Baker entered judgments consistent with Defendant's negotiated plea on the same date. Defendant completed serving these sentences on 21 September 2010.

On 15 July 2008, this Court issued its decision in *Garris*, in which we construed N.C. Gen. Stat. § 14-415.1(a) to permit only one conviction for the simultaneous possession of multiple firearms by a convicted felon. *See Garris*, 191 N.C. App. at 285, 663 S.E.2d at 348. As we explained in our opinion in that case:

> In the instant case, a review of the applicable firearms statute shows no indication that the North Carolina Legislature intended for N.C. Gen. Stat. § 14-415.1(a) to impose multiple penalties for a defendant's simultaneous possession of multiple firearms. Here, defendant was not

> only convicted twice for possession of a firearm by a felon
> but was also sentenced twice . . . . Upon review, we hold
> that defendant should be convicted and sentenced only
> once for possession of a firearm by a felon based on his
> simultaneous possession of both firearms.

*Id.* In light of this Court's decision in *Garris*, Defendant filed a motion for appropriate relief on 1 July 2011 seeking to have eighteen of his nineteen convictions for possession of a firearm by a felon vacated.[1] More specifically, Defendant asserted in his motion for appropriate relief that he was entitled to the requested relief because our decision in *Garris* constituted a significant change in law that should be given retroactive effect and because his convictions for multiple counts of possession of a firearm by a felon arising from the simultaneous possession of multiple firearms violated his state and federal constitutional right not to be placed in jeopardy twice for the same offense. On 20 February 2012, Judge Sharon Tracey Barrett entered an order requiring the State to file an answer to Defendant's motion for appropriate relief. On 13 March 2012, the State filed an answer to Defendant's motion for appropriate relief in which the State argued that *Garris* should not be applied retroactively and that Defendant's motion for appropriate relief should be denied. On 15 March 2012, Judge Barrett entered an order setting Defendant's motion for appropriate relief for hearing at the 16 April 2012 criminal session of the Buncombe County Superior Court for the purpose of determining "what additional motions, if any, may need to be addressed with respect to the Defendant" and "for the Court to hear and consider legal argument concerning the present Motion."

Defendant's motion for appropriate relief came on for hearing before the trial court at the 11 June 2012 criminal session of the Buncombe County Superior Court.[2] On 15 August 2012, the trial court entered an order denying Defendant's motion for appropriate relief. In its order, the trial court made findings of fact which are essentially consistent with the substantive and procedural summary set out above and then "concluded" that:

---

1. In his motion for appropriate relief, Defendant only challenged eighteen of his nineteen convictions for possession of a firearm by a felon as reflected in the trial court's 24 July 2007 judgments. He did not, however, challenge any of the 4 February 2008 judgments in that filing.

2. The record does not explain why Defendant's motion for appropriate relief was apparently not heard and considered at the 16 April 2012 session in accordance with Judge Barrett's order. However, neither party has objected to the fact that the ultimate ruling on Defendant's motion for appropriate relief was made by the trial court rather than by Judge Barrett.

8.    The purpose and effect of the *Garris* decision was to clarify what the court found to be an uncertainty in the literal language of [N.C. Gen. Stat. §] 14-415.14 [sic] as to whether it provided for multiple convictions of the offense for simultaneous possession of multiple firearms. Finding no indication that the legislature intended such a result, and applying the rule of lenity, the court held that a defendant can only be convicted once for simultaneous possession of multiple firearms.

[9].    Between 2004 and 2008, the provisions of N.C. [Gen. Stat. §] 14-415.1 were applied in the 28th Prosecutorial District and no doubt statewide to multiple convictions for simultaneous acts of possession of firearms by felons. Although the court does not know the exact number of such cases the court concludes that such knowledge is not essential to a determination as to whether a retroactive application of *Garris* is appropriate.

[10].    To apply *Garris retroactively* could easily disrupt the orderly administration of our criminal law. It would cast doubt upon verdicts of guilty and pleas of guilty in all cases involving multiple convictions for simultaneous possession of multiple firearms which occurred between 2004 and 2008. It further would cast doubts upon sentences imposed upon these individuals for subsequent crimes where the multiple convictions were applied in determining sentencing points. And all of these individuals could each seek either release or new trials in post-conviction proceedings.

On 6 August 2012, Defendant filed a petition seeking the issuance of a writ of *certiorari* authorizing review of the trial court's order by this Court.[3] On 16 August 2012, this Court granted Defendant's *certiorari* petition.

## II.  Legal Analysis

### A.  Standard of Review

[1]  "When a trial court's findings on a motion for appropriate relief are reviewed, these findings are binding if they are supported by competent

---

3. The trial court's order did not explicitly address Defendant's double jeopardy claim. However, the trial court did conclude that "[t]he *Garris* decision does not amount to a constitutional reform, and therefore its application does not mandate retroactivity."

evidence and may be disturbed only upon a showing of manifest abuse of discretion. However, the trial court's conclusions are fully reviewable on appeal." *State v. Wilkins,* 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998) (citing *State v. Pait,* 81 N.C. App. 286, 288-89, 343 S.E.2d 573, 575 (1986); *State v. Stevens,* 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982)). Although Defendant has argued that certain of the statements made in the trial court's order should be treated as conclusions which lack adequate record support, the ultimate issue that we must resolve in this case is a purely legal question which requires us to conduct *de novo* review.

### B. Substantial Change in Law

[2] In his initial challenge to the trial court's order, Defendant contends that the trial court erroneously concluded that this Court's decision in *Garris* should not be applied retroactively. In support of this contention, Defendant notes that state law decisions like *Garris* "are generally presumed to operate retroactively," *State v. Rivens,* 299 N.C. 385, 390, 261 S.E.2d 867, 870 (1980) (citing *Mason v. Nelson Cotton Co.,* 148 N.C. 492, 510, 62 S.E. 625, 632 (1908)), and "are given solely prospective application only when there is a compelling reason to do so," *Id.,* with this determination to be made based upon an analysis of "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *State v. Harris,* 281 N.C. 542, 550, 189 S.E.2d 249, 254 (1972) (citing *Stovall v. Denno,* 388 U.S. 293, 297, 87 S. Ct. 1967, 1970, 18 L. Ed. 2d 1199, 1203 (1967), *overruled in Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708, 93 L. Ed. 3d 649 (1987)); *see also Faucette v. Zimmerman,* 79 N.C. App. 265, 271, 338 S.E.2d 804, 808 (1986).[4] Although the parties have expended considerable time and energy debating the retroactivity question, we do not believe that it is necessary for us to reach that issue given that Defendant's motion for appropriate relief was subject to denial because the fundamental legal principle upon which Defendant relies in seeking relief from his possession of a firearm by a felon convictions does not constitute a significant change in the substantive or

---

4. According to the Supreme Court's decision in *State v. Zuniga,* 336 N.C. 508, 513, 444 S.E.2d 443, 446 (1994), the retroactivity of changes in federal law for purposes of evaluating claims asserted in motions for appropriate relief is governed by the standard enunciated by the United States Supreme Court in *Teague v. Lane,* 489 U.S. 288, 310-12, 109 S. Ct. 1060, 1075-76, 103 L. Ed. 2d 334, 356-57 (1989). As a result of the fact that *Garris* involved the proper construction of a state statute, the retroactive effect of the principle enunciated in that decision would be governed by *Rivens* rather than *Teague* in the event that we were to reach the retroactivity question.

procedural law applied during the proceedings leading up to the entry of the challenged judgments.

A motion for appropriate relief made more than ten days after the entry of a challenged judgment is intended to provide a vehicle for "the identification of those errors in a trial which are so basic that one should be able to go back into the courts at any time, even many years after conviction, and seek relief," Official Comment to N.C. Gen. Stat. § 15A-1415 (2011), and is not intended to serve as an alternative to review on direct appeal. *See State v. Jackson,* __ N.C. App. __, __, 727 S.E.2d 322, 328 (2012) (discussing the appropriate application of the statutory procedural default rule precluding consideration of claims that could have been brought on direct appeal in a motion for appropriate relief filed more than ten days after the entry of judgment). According to N.C. Gen. Stat. § 15A-1415(b), a convicted criminal defendant is entitled to seek relief from his or her convictions by means of a motion for appropriate relief filed more than ten days after the entry of judgment on certain specifically enumerated grounds. *See* N.C. Gen. Stat. § 15A-1415(b). In view of the fact that N.C. Gen. Stat. § 15A-1415(b) clearly provides that the eight specific grounds listed in that statutory subsection are "the only grounds which the defendant may assert by a motion for appropriate relief made more than 10 days after the entry of judgment," a trial court has no authority to grant a request for relief from a criminal conviction based upon a request made more than ten days after the entry of judgment unless the defendant's request falls within one of the eight categories specified in N.C. Gen. Stat. § 15A-1415(b).[5] For that reason, a trial court lacks jurisdiction over the subject matter of a claim for postconviction relief which does not fall within one of the categories specified in N.C. Gen. Stat. § 15A-1415. *State v. Petty,* __ N.C. App __, 711 S.E.2d 509, 513 (2011) (stating that "[s]ubject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it" rather than the way in which "that power may be exercised in order to comply with the terms of a statute") (quoting *Haker-Volkening v. Haker,* 143 N.C. App. 688, 693, 547 S.E.2d 127, 130, *disc. rev. denied,* 354 N.C. 217, 554 S.E.2d 338 (2001) (internal citations omitted).

Defendant contends that his motion for appropriate relief was properly before the trial court and is properly before this Court on the grounds that "[t]here has been a significant change in law, either substantive or procedural, applied in the proceedings leading to the defendant's conviction

---

5. A defendant may also obtain relief more than ten days after the entry of judgment on newly discovered evidence grounds pursuant to N.C. Gen. Stat. § 15A-1415(c).

or sentence, and retroactive application of the changed legal standard is required." N.C. Gen. Stat. § 15A-1415(b)(7). A fundamental premise underlying Defendant's contention is that our decision in *Garris* represents a significant change in substantive law sufficient to afford an award of relief pursuant to N.C. Gen. Stat. § 15A-1415(b)(7). We do not believe that Defendant's premise represents a correct understanding of applicable law.

At the time that this Court decided *Garris*, no reported decision of this Court or the Supreme Court had addressed the issue of whether the possession of multiple firearms by a convicted felon constituted a single violation or multiple violations of N.C. Gen. Stat. § 14-415.1(a). For that reason, our decision in *Garris* resolved an issue of first impression in this jurisdiction. *State v. Gaines*, 332 N.C. 461, 464, 421 S.E.2d 569, 570 (1992) (stating that "[t]he issue presented by this case has not been addressed by this Court and thus is one of first impression in North Carolina"), *cert. denied*, 507 U.S. 1038, 113 S. Ct. 1866, 123 L. Ed 2d 486 (1993). Instead of working a change in existing North Carolina law, *Garris* simply announced what North Carolina law had been since the enactment of the relevant version of N.C. Gen. Stat. § 14-415.1(a). *See Bousley v. United States*, 523 U.S. 614, 625, 118 S. Ct. 1604, 1612, 140 L. Ed. 2d 828, 841 (1998) (Stevens, J., concurring in part and dissenting in part) (explaining that "[t]his case does not raise any question concerning the possible retroactive application of a new rule of law . . . because our decision in *Bailey v. United States* did not change the law;" instead, the Court's decision "merely explained what [the statute] had meant ever since the statute was enacted" (citations omitted)). As a result, a decision which merely resolves a previously undecided issue without either actually or implicitly overruling or modifying a prior decision cannot serve as the basis for an award of appropriate relief made pursuant to N.C. Gen. Stat. § 15A-1415(b)(7). *State v. Chandler*, 364 N.C. 313, 319, 697 S.E.2d 327, 331-32 (2010) (holding that "an application of this Court's existing case law on expert opinion evidence" did not constitute "a significant change in the law" for purposes of N.C. Gen. Stat. § 15A-1415(b) (7)); *State v. Bates*, 140 N.C. App. 743, 745-46, 538 S.E.2d 597, 599 (2000) (holding that the Supreme Court's decision in *State v. Hinnant*, 351 N.C. 277, 523 S.E.2d 663 (2000), which "overruled a long line of cases," constituted a substantial change in law for purposes of deciding a motion for appropriate relief filed on appeal pursuant to N.C. Gen. Stat. § 15A-1415(b)(7)), *disc. review denied*, 353 N.C. 383, 547 S.E.2d 19 (2001); *State v. Honeycutt*, 46 N.C. App. 588, 590, 265 S.E.2d 438, 439-40 (1980) (stating that the Supreme Court's decision in *State v. Haywood*, 295 N.C. 709, 730, 249 S.E.2d 429, 442 (1978), worked a significant change in law for purposes of N.C. Gen. Stat. § 15A-1415(b)(7)).

As Defendant conceded in his motion for appropriate relief, the extent to which state law did or did not permit multiple convictions for possession of a firearm by a felon stemming from the simultaneous possession of more than one firearm was unsettled at the time that he entered his guilty plea. Had he elected to do so, Defendant, like the defendant in *Garris*, could have contested this issue in the Superior Court and, if unsuccessful, made it the basis for an appellate challenge to any resulting convictions. Instead, however, he chose to enter a negotiated plea, an action which resulted in the entry of the judgments that he now seeks to challenge. Although our decision in *Garris* did settle the question which was unsettled at the time that Defendant entered his guilty plea, it did not effect a "significant change in law" cognizable in a motion for appropriate relief filed pursuant to N.C. Gen. Stat. § 15A-1415(b)(7). For that reason, we conclude that the trial court lacked jurisdiction to grant relief on the grounds upon which Defendant has relied before the trial court and in this Court, obviating the necessity for us to decide whether the principle enunciated in *Garris* is entitled to retroactive application in this instance. As a result, given that "the question before this Court is 'whether the ruling of the court below was correct, and not whether the reason given therefor is sound or tenable' " and given that " 'a correct decision of a lower court will not be disturbed because a wrong or insufficient or superfluous reason is assigned,' " *State v. Dewalt*, 190 N.C. App. 158, 165, 660 S.E.2d 111, 116 (2008) (quoting *State v. Blackwell*, 246 N.C. 642, 644, 99 S.E.2d 867, 869 (1957)), *disc. review denied*, 362 N.C. 684, 670 S.E.2d 906 (2008) we conclude that the trial court's decision to deny Defendant's motion for appropriate relief based upon our decision in *Garris* was correct and should be affirmed.

## C. Double Jeopardy

**[3]** Secondly, Defendant contends that the effect of the judgments which he seeks to challenge in his motion for appropriate relief was to punish him multiple times for a single offense in violation of the double jeopardy provisions of the state and federal constitutions. *See* U.S. Const. amend. V; N.C. Const. art. I, § 19. In support of this assertion, Defendant directs our attention to *State v. Whitaker*, 201 N.C. App. 190, 208-09, 689 S.E.2d 395, 406 (2009), *aff'd*, 364 N.C. 404, 700 S.E.2d 215 (2010), in which we stated, in the course of discussing our decision to vacate a number of convictions with respect to which the trial court had already arrested judgment, that:

> [T]his Court's language and mandate in *Garris* indicates that multiple convictions for simultaneous possession of firearms by a felon is reversible error. Furthermore, "[t]he

legal effect of arresting judgment is to vacate the verdict and sentence. [However,] [t]he State may proceed against the defendants if it so desires, upon new and sufficient bills of indictment." As the State could issue new indictments against defendant upon the arrested judgments, defendant could be placed in double jeopardy.

*Id.* at 208-09, 689 S.E.2d at 406 (citations omitted). As a result of the fact that N.C. Gen. Stat. § 15A-1415(b)(3) authorizes a convicted criminal defendant to seek relief if "[t]he conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina," the trial court did have jurisdiction to consider the validity of this aspect of Defendant's challenge to his convictions. However, despite the fact that the trial court's order does not directly address Defendant's double jeopardy claim, we conclude that the trial court did not err by denying Defendant's request for relief on double jeopardy grounds given that he waived the right to assert any such claim by entering pleas of guilty to the underlying possession of a firearm by a felon charges.

Subject to certain exceptions, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *State v. Tyson*, 189 N.C. App. 408, 416, 658 S.E.2d 285, 291 (2008) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47, 81 L. Ed. 2d 437, 443 (1984)) (internal quotation marks omitted). The double jeopardy provisions of the state and federal constitutions "protect[] against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656, 664-65 (1969); *State v. Murray*, 310 N.C. 541, 547, 313 S.E.2d 523, 528 (1984), *disapproved on other grounds in State v. White*, 322 N.C. 506, 518, 369 S.E.2d 813, 820 (1988)). A defense such as double jeopardy can be waived by a defendant. *State v. McGee*, 175 N.C. App. 586, 587, 623 S.E.2d 782, 784 (stating that, "[b]y knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment"), *disc. review denied*, 360 N.C. 489, 632 S.E.2d 768 (2006). Thus, as the Supreme Court explicitly held in *State v. Hopkins*, 279 N.C. 473, 476, 183 S.E.2d 657, 659 (1971), a plea of guilty waives a defendant's right to seek dismissal on double jeopardy grounds. By pleading guilty to all nineteen counts of possession of a firearm by a felon, Defendant waived his right to challenge those convictions on double jeopardy grounds on both direct appeal

and in subsequent postconviction litigation. As a result, the trial court did not err by failing to grant Defendant's request for relief from his possession of a firearm by a felon convictions on the basis of double jeopardy considerations.

### III.  Conclusion

Thus, for the reasons set forth above, we conclude that the trial court did not err by denying Defendant's motion for appropriate relief. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges BRYANT and ELMORE concur.